David LONTINE et al., Appellees,

v.

Guy VanCLEAVE, Sheriff of Adams County, State of Colorado, Appellant.

No. 72-1730.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Feb. 21, 1973.

Decided Aug. 27, 1973.

Wesley H. Doan, Yegge, Hall & Evans, Denver, Colo., for appellant.

William L. Keating, Ashen & Fogel, Denver, Colo., for appellees.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

SETH, Circuit Judge.

Guy VanCleave appeals from a judgment of the United States District Court for the District of Colorado awarding damages and granting injunctive relief to David Lontine in an action under 42 U.S.C. § 1983. The suit was based on Lontine's dismissal from his position as a deputy sheriff of Adams County, Colorado, by VanCleave, the sheriff, for membership in a policemen's union.

Both parties filed motions for summary judgment, and VanCleave's motion was denied and Lontine's granted. The court thereafter held a hearing for the proof of damages. The trial court found that Lontine, while a deputy sheriff, joined the Adams County Sheriffs Union, an affiliate of the International Brotherhood of Police Officers, in November 1971. Upon learning of union activity within his department, Sheriff VanCleave issued a memorandum stating that no deputy sheriff could join or participate in any labor union. Lontine, when given a form to sign indicating whether or not he was a member of such a union, refused to sign it. He was then suspended without further notice or hearing.

Lontine then filed suit in the state district court in Adams County, Colorado, to enjoin VanCleave's action in dismissing him. The state court dismissed the complaint, stating that while Lontine had a constitutional right to join a labor union, the Sheriff could condition Lontine's employment as a deputy on his nonmembership in such a union. The state court also held that it was without jurisdiction to review the actions of a Sheriff for discharge of an employee for union activity or membership. Following the state court ruling, VanCleave rehired him as a deputy, conditioned upon his resignation from the union. The effect of the state court proceedings has not been advanced by the parties.

Later Lontine, with others who did not appeal, filed this action. The trial court found that Lontine's employment with the Sheriff's office "again terminated upon the filing of this action." The trial court held that Lontine had a constitutional right under the First Amendment to join a labor union and could not be discharged from his employment for joining or continuing membership in a union, absent a showing of compelling state interest. VanCleave apparently did not assert or otherwise offer to show any such compelling state interest in the belief that he had an unfettered right to hire and fire his employees at will, even for the exercise of their constitutional rights. The district court was correct in its holding that sheriff's deputies have such a First Amendment right to participate and retain membership in a union. Thomas v. Collins, 323 U.S. 516, 65 S.Ct. 315, 89 L. Ed. 430; American Federation of State, Co. & Mun. Emp. v. Woodward, 406 F.2d 137 (8th Cir.); Melton v. City of Atlanta, Georgia, 324 F.Supp. 315 (N.D.Ga.) (three-judge court); Atkins v. City of

Charlotte, 296 F.Supp. 1068 (W.D.N.C.) (three-judge court); *cf.* Bruns v. Pomerleau, 319 F.Supp. 58 (D.Md.). This is not to say that the Sheriff may necessarily be required to bargain collectively with such a union, see Newport News F.F.A. Loc. 794 v. City of Newport News, Va., 339 F.Supp. 13 (E.D.Va.), nor that appropriate and defined legislation may not properly prohibit such activities as strikes, slowdowns, sick-ins, and the like on the part of such public employees, whether members of a union or otherwise. See United Federation of Postal Clerks v. Blount, 325 F.Supp. 879 (D.D.C.) (three-judge court), affirmed, 404 U.S. 802, 92 S.Ct. 80, 30 L.Ed.2d 38; *cf.* Bennett v. Gravelle, 451 F.2d 1011 (4th Cir.); Adley Express Co. v. Highway Truck Driv. & H. Loc. 107, 349 F. Supp. 436 (E.D.Pa.). The granting of summary judgment for Lontine thus was proper.

■ Although Lontine may not have had a right, per se, to continued public employment and under applicable Colorado law to be a sheriff's deputy, see Colo.Rev.Stat.1963, § 35–5–5, and may not have been entitled to any form of notice or hearing either under the Colorado Administrative Procedure Act, Colo.Rev.Stat.1963, § 3–16–16, as amended, Perm.Supp. Vol. II (1969), or under constitutional principles, see Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570, he could not be suspended or dismissed for the exercise of his constitutional rights. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570. He has, therefore, established a cause of action under 42 U. S.C. § 1983. VanCleave was, of course, acting under color of state law when he suspended Lontine, as is apparent from his reliance on the provisions of Colo. Rev.Stat.1963, § 35–5–5, which provides that Sheriffs may revoke the appointment of their deputies at their pleasure, to justify his suspension of Lontine.

However, the question remains as to whether or not VanCleave possessed any form of official privilege in relation to the damage award of the district court and, if so, the extent thereof. We express no view on this matter and the case must be remanded to the district court for further proceedings in order to resolve this issue in view of our recent decision in Smith v. Losee, 1973, 485 F. 2d 334 (10th Cir.). The disposition of this case has been held pending the decision in Smith v. Losee.

The case is, therefore, affirmed as to the injunctive relief granted by the district court, and reversed and remanded for consideration of the award of damages.