MILLS, Judge.
The two questions presented by this review of an interlocutory order of the Public Employees Relations Commission are whether a sheriff is a “public employer” and whether deputy sheriffs are “public employees” as defined in Chapter 447, Florida Statutes (1975).
Section 447.203(2), Florida Statutes (1975), defines a public employer as follows:
“ ‘Public employer’ or ‘employer’ means the state or any county, municipality, or special district or any subdivision or agency thereof which the commission determines has sufficient legal distinctiveness properly to carry out the functions of a public employer. . . . ”
Obviously the sheriff is not the state, a county, a municipality, a special district or a subdivision thereof, and respondent does not assert that he is. Respondent argues that the sheriff is an agency of the state, and therefore comes within the definition of a public employer. We agree.
Article VIII, Section 1(d), Florida Constitution, provides for the election of certain county officers, including a sheriff. Therefore, the sheriff holds a constitutional office. In State ex rel. Clyatt v. Hocker, 39 Fla. 477, 22 So. 721 (1897), the Supreme Court had to determine whether the members of the then Board of Legal Examiners were state officers. In doing so, the court defined an “office” as follows:
“The term ‘office’ implies a delegation of a portion of the sovereign power to, and possession of it by, the person filling the office; a public office being an agency for the state, and the person whose duty it is to perform the agency being a public officer. ... A person, in the service of the government, who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature, and defined by rules prescribed by government, and not by contract, consisting of the exercise of important public powers, trusts, or duties, as a part of the regular administration of the government, the place and the duties remaining, though the incumbent dies or is changed, . is a public officer; . . . every ‘office,’ in the constitutional meaning of the term, implying an authority to exercise some portion of the sovereign power, either in making, executing, or administering the laws.” 22 So. at 723.
An “office” is an agency of the state. The sheriff holds the office of sheriff. It follows that the sheriff is an agency of the state, and thus comes within the definition of “public employer”.
The term “public employee” is defined in Section 447.203(3), Florida Statutes (1975), as:
“ ‘Public Employee’ means any person, employed by a public employer except:
(a) Those persons appointed by the governor or elected by the people, agency heads, members of boards and commissions.
(b) Those persons holding positions by appointment or employment in the organized militia.
(c) Those individuals acting as negotiating representatives for employer authorities.
(d) Those persons who are designated as managerial or confidential employees . . ."
In Blackburn v. Brorein et al., 70 So.2d 293 (Fla.1954), the Supreme Court *1010 held that deputy sheriffs are officers rather than employees and held that insofar as the Hillsborough County Civil Service Law classified deputy sheriffs as employees and attempted to regulate them as such, the act was unconstitutional in that the constitution prohibits the legislature from passing special or local laws regulating the jurisdiction and duties of any class of officers except municipal officers.
At first glance, it would appear that deputy sheriffs are not covered by the definition of public employee since they are appointed public officers. However, the definition of public employee in Chapter 447 clearly includes persons appointed to their positions and public officers. If the definition was not meant to cover appointees and officers, there would be no reason to except certain appointees and officers from the general definition. We therefore hold that although deputy sheriffs are officers, they are also public employees within the meaning of Chapter 447, Florida Statutes (1975).
Affirmed. This Court’s order staying the election scheduled in these cases is dissolved and these cases are remanded for further appropriate proceedings.
SMITH, J., concurs.
McCORD, Acting C. J., concurs specially.