DIE BURG, INC., a Florida Corporation, d/b/a Trammps, Plaintiff,

v.

Burl UNDERHILL, Individually and as Mayor of the City of Fort Myers, Florida, Morgan House, Individually and as Chief of Police of the City of Fort Myers, Florida, Frank Wanicka, Individually and as Sheriff of Lee County, Florida, Frank Watson, Individually and as City Attorney of the City of Fort Myers, Florida, Jerome Daniels, Ellis Solomon, William C. Persons, Billy Smith Compton, Francis Majewski, Individually and as members of the City Council of the City of Fort Myers, Florida, Defendants.

No. 79–2 Civ.Ft.M–K.

United States District Court, M. D. Florida, Fort Myers Division.

Feb. 22, 1979.

John Charles Coleman, Trial Counsel, Fort Myers, Fla., for plaintiff.

Frank B. Watson, Jr., City Atty., Fort Myers, Fla., for defendants.

Craig C. Mitchell, Fort Myers, Fla., for defendant, Frank Wanicka.

## ORDER

KRENTZMAN, District Judge.

The Court has for consideration the plaintiff's motion for preliminary injunction.

In considering the motion, the Court is governed by *Barrett v. Roberts,* 551 F.2d 662, 665 (5th Cir. 1977):

> In order to obtain preliminary injunctive relief, a litigant is required to demonstrate: (a) a substantial likelihood of success on the merits; (b) a substantial threat that the plaintiff will suffer irreparable harm unless the preliminary injunction is granted; (c) that the threatened injury to the plaintiff if the injunctive relief is denied outweighs the possible harm to the defendant if the relief is granted; and (d) that. the issuance of injunctive relief will serve the public interest.

Because the Court finds that plaintiff has been unable to demonstrate a substantial likelihood of success on the merits, the Court is of the opinion that the motion for preliminary injunction should be, and it is hereby, DENIED.

Plaintiff, Die Burg, Inc., d/b/a Trammps, is a Florida corporation licensed by the State to sell alcoholic beverages for consumption on the premises and specializing in "topless entertainment," according to the complaint. Defendants are the Mayor, Chief of Police, and members of the City Council of Fort Myers, and the Sheriff of Lee County. Plaintiff seeks to challenge the constitutionality of Fort Myers Ordinance # 2082 (Exhibit C to plaintiff's complaint), which forbids the exposure of certain parts of the male and female body to public view. The ordinance more specifically prohibits "any person maintaining, owning or operating a commercial establishment . . . at which alcoholic beverages are offered for sale for consumption on the premises" from allowing such exposure, and "any person" from exposing himself or herself in the manner described.

Plaintiff asserts that the ordinance is overbroad, void for vagueness, restrictive of fundamental rights without compelling state interest or rational basis, violative of substantive due process, unduly discriminatory against plaintiff, and discriminatory against women.

■ In the Court's opinion, the proper framework of analysis is provided by the case of *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). In that case, the Supreme Court decided that, in the context of regulating certain presumably constitutionally protected forms of entertainment in an establishment licensed to sell liquor, the action of the regulating body would be upheld if it was reasonable. *Id.* 93 S.Ct. at 395–96. In support of its proposition, the Supreme Court cited *Williamson v. Lee Optical Co.,* 348 U.S. 483, 487–88, 75 S.Ct. 461, 99 L.Ed. 563 (1955), the leading case dealing with the powers of states in the field of economic regulation. That citation supports the conclusion that regulation of establishments licensed to sell liquor is to be measured by the rational relation test, despite the fact that these regulations would prohibit

> some forms of visual presentation that would not be found obscene under *Roth* and subsequent decisions of this Court.

*LaRue,* 93 S.Ct. at 396. In other words, the presence of constitutionally-protected expression does not alter the standard of review to be applied by the Court.

Plaintiff argues that the conduct of employees or patrons on the premises of a licensed establishment is not within the scope of the licensing authority delegated to the City of Fort Myers by the State. Fla. Stat. § 562.45(2). The interpretation of state law by the Florida Supreme Court is binding upon this Court. *NAACP v. Button,* 371 U.S. 415, 432, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). In *Martin v. Board of County Commissioners of Lee County,* 364 So.2d 449 (Fla.1978), the Florida Supreme Court adopted the opinion of the Second District Court of Appeals in *Board of County Commissioners of Lee County v. Dexterhouse,* 348 So.2d 916 (Fla. D.C.A.2d 1977). In that opinion, the Court reviewed a virtually identical ordinance passed by Lee County. The Court considered whether the State had preempted the right of regulation in this field by the operation of Fla.Stat. § 562.45(2), which limits local control over establishments selling alcoholic beverages to hours of operation, location of business and sanitary regulation.

The Court concluded that, as in *Nelson v. State ex rel. Gross,* 157 Fla. 412, 26 So.2d 60 (1946), the state's scheme of regulation simply did not cover the area of conduct sought to be regulated by the Lee County. The Court did not question the ability of the county government to legislate in areas which "the statutory scheme of state regulations does not embrace." *Id.* at 919.

This conclusion is not altered by the fact that the *Dexterhouse* case deals with a county ordinance, and not a municipal ordinance. The cases relied upon by the Court in *Dexterhouse—Nelson v. State ex rel. Gross, supra,* and *Miami v. Jiminez,* 130 So.2d 109 (Fla. D.C.A.3d 1961)—arise in a municipal context.

Because of the standard of review applicable under the *LaRue* decision, and the fact that the attacked ordinance appears to fall within the powers of the City of Fort Myers, the Court is of the opinion that plaintiff has not demonstrated a likelihood of success on the merits, and for that reason the motion for preliminary injunction should be, and it is hereby, DENIED.

*Barrett v. Roberts,* 551 F.2d 662, 665 (5th Cir. 1977).