376 So.2d 435 (1979)
ESCAMBIA COUNTY SHERIFF'S DEPARTMENT, Appellant,
v.
FLORIDA POLICE BENEVOLENT ASSOCIATION, INC., Appellee.
No. NN-96.
District Court of Appeal of Florida, First District.
October 26, 1979.
Jack M. Skelding, Jr., of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellant.
James A. Pearson of the Florida Police Benevolent Association, Miami, for appellee.
PER CURIAM.
The Public Employees Relations Commission (PERC), by final order, held that sheriff's deputies in Escambia County are public employees under Chapter 447, Florida Statutes (1977). PERC also set certain penalties against the sheriff for his refusal to bargain with his deputies. We affirm in part and reverse in part.
*436 In April, 1977, PERC certified the Florida Police Benevolent Association as exclusive bargaining agent for Escambia County Sheriff's Department employees, including deputy sheriffs. The PBA filed unfair labor practice charges with PERC in December, 1977, alleging appellant refused to bargain in good faith. Appellant's contention was that until Murphy v. Mack, 358 So.2d 822 (Fla. 1978), was decided, it need not bargain with the deputies. That case subsequently was decided, and the Supreme Court held that Florida sheriffs' deputies are not employees under Chapter 447. In its December, 1978 order, however, PERC held the Escambia deputies were employees by virtue of a local civil service act which covered deputies and which afforded those covered Chapter 447 rights. The Sheriff's Department appealed.
Murphy v. Mack, supra, held that a deputy sheriff was not an employee under Chapter 447 because the statute did not specifically include deputies within its definition of "employee." The court quoted, at 825, from 70 Am.Jur.2d Sheriffs, Police and Constables, § 2:
The office of under or deputy sheriff is a common-law office; and this is the rule unless a change is effected by the constitution or statute law of the state.
In the instant case, however, the legislature has effected a change by statute. By special act  Chapter 27537, Laws of Florida (1951)  the legislature created a civil service system for Escambia County, the purview of which included deputy sheriffs as classified employees. And by Chapter 75-369, the legislature amended the Escambia County Civil Service Act to provide the right of collective bargaining for the county's classified employees.
Appellant argues in part that the legislature could not contravene the common-law status of deputies by a special act. Article III, § 14, Florida Constitution (1968), however, expressly provides for the creation of civil service boards for state, county, and municipal employees. And in Ison v. Zimmerman, 372 So.2d 431, 435 (Fla. 1979), the court held that such civil service systems may indeed be created by special act. The court then proceeded to hold, at 436, that the term "employee," used in its commonly understood sense, includes deputy sheriffs, at least for purposes of validating the special act's title.
As for appellant's argument that Article III, § 11(a)(1), Florida Constitution (1968) forbids special laws except, inter alia, as they relate to "local governmental agencies," this court held in Murphy v. Mack, 341 So.2d 1008 (Fla. 1st DCA 1977), that a sheriff is an agency under Chapter 447. The Supreme Court agreed; Murphy v. Mack, 358 So.2d at 824. The special act for Escambia County, therefore, does not violate Article III, § 11(a)(1).
Appellee argues that the appellant could not properly bring its constitutional challenge before us because the issue was not raised below. Appellee's argument is without merit because the "administrative process cannot resolve a constitutional attack upon a statute, rule or regulation." Carrollwood State Bank v. Lewis, 362 So.2d 110, 113-14 (Fla. 1st DCA 1978).
We affirm PERC's finding that the legislature has, in the Escambia County Civil Service Act, transformed deputy sheriffs into employees for purposes of that act and insofar as the deputies' right to engage in collective bargaining is concerned. The Supreme Court's holding in Murphy v. Mack, supra, is thus inapplicable. We also affirm PERC's finding that the appellant committed an unfair labor practice by refusing to bargain in good faith with appellee. But we reverse PERC's assessment of penalties against appellee, because appellant was justified in the position it took in light of the questions the Supreme Court's Murphy v. Mack decision raised in this case. Appellant's unfair labor practice was a mere technical one; the department should proceed forthwith to negotiate in good faith with the deputies' bargaining agent, but it need not post the notices PERC's order required.
MILLS, C.J., and McCORD and SHIVERS, JJ., concur.