JOANOS, Judge.
The Brevard County Police Benevolent Association, Inc., (Association) appeals from a final order of the Florida Public Employees Relations Commission finding that the Brevard County Sheriff’s Department had not violated Chapter 447, Part II, Florida Statutes, because the deputy sheriffs of the Brevard County Sheriff’s Department are not public employees within the meaning of the statute.
The Association urges on appeal that the Commission’s decision violates the equal protection clause of the United States Constitution and the basic rights and provisions of the Florida Constitution. The phrasing *21 of the specific question on appeal reveals the flaw in the Association’s position: “Whether the deputy sheriffs of the Bre-vard County Sheriff’s Department enjoy the constitutional right to bargain collectively guaranteed every person/employee of this State by Article I, Section 6 of the Constitution of Florida.” Article I, Section 6 speaks only of employees, not persons, and does not, therefore, have applicability to persons who are not defined as employees. The Florida Supreme Court has already held that appointed deputy sheriffs are not “employees” within the meaning of Chapter 447, rather they are “officers.” Murphy v. Mack, 358 So.2d 822 (Fla.1978). This determination was not based simply on the statute, but was an interpretation of common law. In so ruling, the court stated that the deputies’ status, having arisen out of common law, could be changed by explicit provision in state statutes or appropriate local government law. See, e.g., Ison v. Zimmerman, 372 So.2d 431 (Fla.1979), and Escambia County Sheriffs Department v. Florida Police Benevolent Association, Inc., 376 So.2d 435 (Fla. 1st DCA 1979). The Association has not urged in this case that the employees it represents have been brought within the ambit of Chapter 447 by state or local enactment. In the final analysis, it asks us to overrule a prior determination of the Florida Supreme Court. This we cannot do.
Accordingly, the final order of the Public Employees Relations Commission is AFFIRMED.
LARRY G. SMITH and THOMPSON, JJ., concur.