Larry SIKES, et al., Plaintiffs,

v.

Eddie BOONE, et al., Defendants.

No. TCA 80–0907.

United States District Court,
N.D. Florida,
Tallahassee Division.

Jan. 14, 1983.

Gene Hal Johnson, Kent Spriggs, Spriggs & Warren, Tallahassee, Fla., for plaintiffs.

Julius F. Parker, Jr., Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, Fla., for defendants.

## MEMORANDUM OPINION

PAUL, District Judge.

THIS CAUSE is before the court for consideration of cross-motions for summary judgment. In this class action the plaintiffs represent themselves and all other similarly situated persons who are deputy sheriffs appointed by the sheriff of any of the counties of the State of Florida, except Duval County, Escambia County, Metropolitan-Dade County, and Volusia County. The named plaintiffs also represent all employee organizations which seek to represent the deputy sheriffs employed in any county in the State of Florida. The named defendants represent a class of all sheriffs of the counties of Florida, except the sheriffs of Duval County, Escambia County, Metropolitan-Dade County, and Volusia County.

The court finds this action to be a proper one for summary judgment. Rule 56(c), *F.R.Civ.P.*, sets the standard for determining whether summary judgment is proper. "The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". The parties here have filed a stipulation of facts which resolves any issue as to any material facts. The only dispute remaining is a question of law which this court can now resolve.

At the heart of this dispute is the Florida Supreme Court's interpretation of its own state's statute, the Public Employees Relations Act, Chapter 447, Part II, *Florida Statutes*. In the case of *Murphy v. Mack*, 358 So.2d 822 (Fla.1978), the Florida Supreme Court held that deputy sheriffs appointed by constitutional sheriffs were not "public employees" within the contemplation of the Public Employees Relations Act. In reaching that determination, the Court first noted that section 447.203(3),

*Florida Statutes*, defines a "public employee" as "any person *employed* by a public employer". (emphasis added). The Court further noted that section 30.07, *Florida Statutes*, provides that "[s]heriffs may appoint deputies to act under them who shall have the same power as the sheriff appointing them . . . ." Reading those statutes in *pari materia*, the supreme court concluded that

> [a] sheriff is authorized to appoint deputies, for whose acts he is responsible, to act in his stead. A deputy sheriff holds office by appointment rather than employment and is vested with the same sovereign power as the chief law enforcement officer of the county. The relationship between sheriff and deputy has not been recognized by this Court to be that of employer and employee.

*Murphy v. Mack, supra,* 358 So.2d at 825. Thus, the court held that "[s]ince deputy sheriffs have not been identified as employees by the courts of this state, we cannot assume that the Legislature intended to include them within the definition of public employee without express language to that effect". *Murphy v. Mack, supra,* 358 So.2d at 826.

██ It is well-settled that federal courts are bound by the interpretation placed on state statutes by the highest court of the state. *See NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); *Die Burg, Inc. v. Underhill,* 465 F.Supp. 1176 (M.D.Fla.1979). When a challenge is made to a state statute, and that statute has been authoritatively construed by the state's highest court, the words of the court become the words of the statute. *See NAACP v. Button, supra.* In the case at bar, then, this court is bound by the Florida Supreme Court's construction of section 447.203(3); that is, the section must be read to include among its stated exceptions deputy sheriffs who are appointed by a sheriff.

██ The fact that this court is bound by the Florida Supreme Court's interpretation of section 447.203(3), *Florida Statutes,* does not, however, preclude this court from

further examination of the plaintiffs' claim. While the state supreme court is the final authority on the construction of state statutes, it is incumbent on this court, when a federal constitutional challenge is made, to determine whether that construction comports with the requirements of the Constitution. *See Williams v. Wainwright,* 493 F.Supp. 153, 154 n. 2 (S.D.Fla.1980). Thus, even if a state supreme court has ruled that a statute contains no constitutional deficiencies, this court would not be bound by those state determinations on federal constitutional issues. *See Hunt v. Roth,* 648 F.2d 1148, 1155 (8th Cir.1981); *Woods v. Holy Cross Hospital,* 591 F.2d 1164, 1171 (5th Cir.1979). Federal courts must respect and give deference to the highest appellate court of a state which has ruled that a statute contains no constitutional deficiencies. However, as the Eighth Circuit noted:

> [I]t is still incumbent upon this court to analyze the state law to see if it conflicts with the federal constitution. *See* Art. VI, U.S. Constitution. If a conflict exists, we have no alternative; it is our judicial responsibility to make the hard decision and declare the ... provision invalid.

*Hunt v. Roth, supra,* 648 F.2d at 1155.

In this action, the plaintiffs seek a declaratory judgment that the state supreme court's interpretation of section 447.203, *Florida Statutes,* is violative of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and additionally violates Art. I, § 6 of the Florida Constitution. Plaintiffs also seek a permanent injunction which would enjoin the Florida Public Employees Relations Commission (PERC) from enforcing the supreme court's interpretation. The plaintiffs contend that the Florida Supreme Court's holding in *Murphy v. Mack, supra,* exclud-

ing deputy sheriffs appointed by constitutional sheriffs from the Public Employees Relations Act, denies them their constitutional right to freedom of association, and more particularly, denies them their constitutional right to bargain collectively. The plaintiffs further assert that by being classified as "appointees" rather than as "employees" they are denied equal protection of the law in that other similarly situated law enforcement officers are permitted to bargain collectively while they are not. Simply stated, the question of law for this court's determination is whether the state court's determination that deputy sheriffs are not "employees" for purposes of state statutes and the Florida Constitution violates the Federal Constitution.

■■■ As noted previously, this court is bound by the interpretation given a state statute by a state's highest court, *See NAACP v. Button, supra.* It follows, *a fortiori,* that federal courts are also bound by a state court's determination that a particular type of worker is not an "employee" for purposes of state statutes.[1] This is especially true where, as here, the worker enjoys a unique historical status such as that enjoyed by deputy sheriffs in the State of Florida. In paragraph 36 of their complaint, plaintiffs allege that the state court's determination that they are "appointees" rather than "employees" is an "illusory, meaningless distinction" based on a "word of art". This court disagrees with the plaintiffs' characterization. The office of deputy sheriff dates back to early England and was adopted in many parts of this country as part of the English common law.[2] It is well settled in Florida and several other states, notably Louisiana, Georgia, Texas, and South Carolina, that the office of deputy sheriff is a common-law office. As noted in 70 Am.Jur.2d *Sheriffs,*

---

**1.** Both the Eleventh Amendment and the interests of federal-state comity warrant this conclusion. This court recognizes that federal courts are not bound by a state's determination that a particular type of worker is not an "employee" when a claim is made under a federal statute such as Title VII of the Civil Rights Act. *See Hishon v. King & Spalding,* 678 F.2d 1022

(11th Cir.1982); *Calderon v. Martin County,* 639 F.2d 271 (5th Cir. Unit B 1981).

**2.** By statute, the common and statute law of England which was in effect prior to July 4, 1776 was expressly adopted in the State of Florida. Fla.Stat. § 2.01.

*Police and Constables* § 2, cited with approval by the Florida Supreme Court in *Murphy v. Mack, supra,* 358 So.2d at 825:

> The office of under or deputy sheriff is a common-law office; and this is the rule unless a change is effected by the constitution or statute law of the state. He holds an appointment, as distinguished from an employment. Where so clothed with power, a deputy sheriff is a public officer, although he may not be a state or municipal officer within the meaning of constitutional provisions.

Because of this unique historical status, state and federal courts alike have held that a sheriff has absolute control over the selection and retention of his deputy sheriffs. *See Tanner v. McCall,* 625 F.2d 1183 (5th Cir.1980), *cert. denied,* 451 U.S. 907, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981) (applying Florida law); *Barrett v. Thomas,* 649 F.2d 1193 (5th Cir.1981), *cert. denied,* 456 U.S. 925, 102 S.Ct. 1969, 72 L.Ed.2d 440 (1982) (applying Texas law); *Allen v. Fidelity and Deposit Company of Maryland,* 515 F.Supp. 1185 (D.S.C.1981) (applying South Carolina law); *Slack v. Bishop,* 444 F.Supp. 1161 (W.D.La.1978) (applying Louisiana law). As a result, courts have held that deputy sheriffs have no property or liberty interests in their positions for purposes of the Fourteenth Amendment of the United States Constitution. *See, e.g., Tanner v. McCall, supra.*

Because this court has concluded that it is bound by the Florida Supreme Court's determination that deputy sheriffs are not "employees" for purposes of the state's statutes and the Florida Constitution, only two issues remain. Those are: whether the plaintiff class members, as "appointees", have First Amendment rights which are being violated by the defendants in this action; and, whether the State's determination that the plaintiff class members are "appointees" violates the Equal Protection Clause of the Fourteenth Amendment.

■ In paragraph 39 of their complaint, the plaintiffs allege that they are being denied their constitutional right to associate together because the defendant sheriffs have refused to recognize or negotiate with the plaintiffs' employee organization, the Florida Police Benevolent Association, Inc. The United States Supreme Court recently addressed this issue in *Smith v. Arkansas State Highway Employees,* 441 U.S. 463, 99 S.Ct. 1826, 60 L.Ed.2d 360 (1979). In *Smith,* the Arkansas State Highway Commission refused to consider grievances which were filed by the union representing state highway department employees. The employees and their union filed suit, claiming that this infringed on their First Amendment rights. The Supreme Court held that the actions of the Highway Commission did not violate the Federal Constitution. In so holding, the Court stated:

> The First Amendment protects the right of an individual to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances. And it protects the right of associations to engage in advocacy on behalf of their members.

> \*   \*   \*   \*   \*   \*

> But the First Amendment does not impose any affirmative obligation on the government to listen, to respond, or . . . to recognize the association and bargain with it.

> In the case before us, there is no claim that the Highway Commission has prohibited its employees from joining together in a union, or from persuading others to do so, or from advocating any particular ideas. There is, in short, no claim of retaliation or discrimination proscribed by the First Amendment. Rather, the complaint of the union and its members is simply that the Commission refuses to consider or act upon grievances when filed by the union rather than by the employee directly.

> \*   \*   \*   \*   \*   \*

> We may assume that it would and further, that it tends to impair or undermine—if only slightly—the effectiveness of the union in representing the economic interests of its members.

But this type of "impairment" is not one that the Constitution prohibits. Far from taking steps to prohibit or discourage union membership or association, all that the Commission has done in its challenged conduct is simply to ignore the union. That it is free to do.

441 U.S. at 464–66, 99 S.Ct. at 1827–28 (footnotes and citations omitted). *See Hanover Township Federation of Teachers v. Hanover Community School Corp.*, 457 F.2d 456 (7th Cir.1972). So, too, in this case, the plaintiffs claim that the sheriffs and the Florida Public Employees Relations Commission refuse to recognize the employees organization which represents the deputy sheriffs. Guided by the holding in *Smith, supra,* this court finds that such conduct does not violate the First Amendment of the United States Constitution. The plaintiffs have presented no facts which would indicate that their First Amendment right to associate together is being denied. They have not directed the court to any statute or rule which prohibits deputy sheriffs from joining an employees organization. Their sole claim is that the sheriffs and the Public Employees Relations Commission refuse to recognize the organization which they have selected to represent them. As this court has already indicated, such a claim does not rise to the level of a constitutional violation.

The plaintiffs further claim that they have a constitutional right to collective bargaining which is being violated by the sheriffs and the Public Employees Relations Commission. They assert that the right to engage in collective bargaining has been recognized as "fundamental" under the United States Constitution. In support of that proposition the plaintiffs cite, *inter alia, United Federation of Postal Clerks v. Blount,* 325 F.Supp. 879, 883 (D.D.C.1971) (three judge court), *aff'd.* 404 U.S. 802, 92 S.Ct. 80, 30 L.Ed.2d 38 (1971); *United Steelworkers, etc. v. University of Alabama,* 599 F.2d 56, 61 (5th Cir.1979); *Police Officers' Guild, National Union of Police Officers v. Washington,* 369 F.Supp. 543, 551 (D.D.C.1973); *Thomas v. Collins,* 323 U.S. 516, 532–534, 65 S.Ct. 315, 324, 89 L.Ed. 430 (1945). However, after a review

of the cases cited by the plaintiffs, it appears to this court that the term "collective bargaining" as the plaintiffs view it differs from the definition given the term by the federal courts.

The court notes initially that the early Supreme Court pronouncements on the issue of collective bargaining were made in cases involving the National Labor Relations Act (hereinafter "NLRA"). In *National Labor Relations Board v. Jones & Laughlin Steel Corp.,* 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937), the Supreme Court, in interpreting the NLRA, indicated:

> [I]n its present application the statute goes no further than to safeguard the right of *employees* to self-organization and to select representatives of their own choosing for collective bargaining or other mutual protection without restraint or coercion by their employer.
>
> That is a fundamental right. *Employees* have as clear a right to organize and select their representatives for lawful purposes as the respondent has to organize its own business and select its own officers and agents.

301 U.S. at 33, 57 S.Ct. at 622 (emphasis added). *See International Union v. Wisconsin Employment Relations Board,* 336 U.S. 245, 259, 69 S.Ct. 516, 524, 93 L.Ed. 651 (1948); *Thomas v. Collins, supra.* It is clear, then, that the right which has been characterized as "fundamental" by the Supreme Court is the right of *employees* to organize for the purposes of collective bargaining or other mutual protection. There is no constitutional right to mandatory collective bargaining. *See Babbitt v. United Farm Workers National Union,* 442 U.S. 289, 313, 99 S.Ct. 2301, 2316, 60 L.Ed.2d 895 (1979); *Lontine v. Van Cleave,* 483 F.2d 966, 968 (10th Cir.1973); *Newport News Firefighters Association Local 794 v. City of Newport News,* 339 F.Supp. 13, 17 (E.D.Va. 1972); *Atkins v. City of Charlotte,* 296 F.Supp. 1068, 1077 (W.D.N.C.1969): It is equally clear that the right to organize for the purposes of collective bargaining presupposes the existence of an employer-employee relationship. This court finds that

the right to engage in collective bargaining is, of necessity, a right which extends to *employees,* and not to *individuals* as plaintiffs suggest. The cases cited by the plaintiffs support this conclusion. *See United Federation of Postal Clerks v. Blount, supra; United Steelworkers, etc. v. University of Alabama, supra; McLaughlin v. Tilendis,* 398 F.2d 287 (7th Cir.1968); *University of New Hampshire Chapter of American Association of University Professors v. Haselton,* 397 F.Supp. 107 (D.N.H.1975); *Police Officers' Guild, supra.* In the above-cited cases, there existed an employer-employee relationship between the plaintiffs and the defendants. In *Police Officers' Guild, supra,* the District Court for the District of Columbia articulated the distinction this court is attempting to make. That court noted:

Among the rights so protected [by the Federal Constitution] are the *right of individuals to associate to further their personal beliefs* and more specifically, with respect to the rights asserted by the complainants in this action, the *right of public employees to organize collectively and to select representatives for purposes of engaging in collective bargaining.*

369 F.Supp. at 551 (footnotes and citations omitted) (emphasis added). Thus, while the First Amendment right to associate together extends to all individuals, the derivative right to engage in collective bargaining extends only to employees. It is well-settled in Florida that the relationship between sheriff and deputy is not that of employer-employee. *See Murphy v. Mack, supra; Blackburn v. Brorein,* 70 So.2d 293 (Fla. 1954); *Brevard County Police Benevolent Association, Inc. v. Brevard County Sheriffs' Department,* 416 So.2d 20 (Fla. 1st DCA 1982); *Szell v. Lamar,* 414 So.2d 276 (Fla. 5th DCA 1982). Because this court has already held that it is bound by the Florida Supreme Court's determination that the plaintiff deputy sheriffs are not employees, the court finds that plaintiffs do not have a constitutional right to engage in collective bargaining. Accordingly, neither the defendants' conduct nor the Florida Supreme Court's interpretation of section 447.-203(3), *Florida Statutes,* violates any First Amendment right enjoyed by the plaintiffs.

■ The plaintiffs also claim that the defendants' conduct and the Florida Supreme Court's interpretation of section 447.-203(3), *Florida Statutes,* violate their right to collective bargaining guaranteed them by Article I, Section 6 of the Florida Constitution. Article I, Section 6 of the Florida Constitution provides as follows:

§ 6. Right to work

The right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization. The right of *employees,* by and through a labor organization, to bargain collectively shall not be denied or abridged. *Public employees* shall not have the right to strike.

(emphasis added). In *Brevard County Police Benevolent Association, Inc., supra,* the First District Court of Appeal for the State of Florida addressed the question of whether Brevard County deputy sheriffs "enjoy the constitutional right to bargain collectively guaranteed every person/employee of this State by Article I, Section 6 of the Constitution of Florida". The court noted that the section speaks only of employees, not persons, and held that it does not have applicability to persons who are not defined as employees. Finding that it was bound by the Florida Supreme Court's determination that deputy sheriffs are not employees, the District Court of Appeal held that deputy sheriffs do not enjoy a constitutional right to bargain collectively. Because this court has held that it is similarly bound by the Florida Supreme Court's determination that deputy sheriffs are not employees, the court finds that neither the defendants' conduct nor the Florida Supreme Court's interpretation of section 447.203(3), *Florida Statutes,* violates any rights of the plaintiffs under the Florida Constitution.

■ Finally, the plaintiffs contend that the Florida Supreme Court's interpretation of section 447.203(3), *Florida Statutes,* violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. They allege that the Florida Supreme Court's determination, in *Murphy v. Mack, supra,* that deputy sheriffs are excluded from the coverage of Chapter

447, Part II, *Florida Statutes,* unlawfully discriminates against a subclass of law enforcement officers, i.e., that class of deputy sheriffs who are appointed by constitutional sheriffs. This court's initial inquiry must be as to the interests and rights affected by the classification in order to determine the appropriate standard of review of the equal protection claim. *See Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); *University of New Hampshire Chapter of American Association of University Professors v. Haselton, supra.* The court has already held that the Florida Supreme Court's interpretation of section 447.-203, *Florida Statutes,* does not violate any First Amendment rights of the plaintiffs. Because the court has found that the classification, created by the state supreme court's interpretation of section 447.203, *Florida Statutes,* does not interfere with a federal "fundamental right", the standard of review to be applied is the rational basis test. Under the rational basis test, statutory classifications are presumed constitutional. As the Supreme Court stated in *City of New Orleans v. Dukes,* 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976):

> Unless a classification trammels fundamental *personal* rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest.

427 U.S. at 303, 96 S.Ct. at 2516–17 (emphasis added).

The National Labor Relations Act, by express statutory language, excludes from its coverage the State and its agencies. 29 U.S.C. § 152(2). As a result, public employees must look to their state legislatures for the authority to engage in collective bargaining. The State of Florida has responded by granting *employees* the right to engage in collective bargaining in its state constitution, and by enacting Chapter 447, Part II, *Florida Statutes,* which confers upon *public employees* the right to engage in collective bargaining. The statute expressly excludes from its coverage

those classes of persons who hold their positions by appointment, those persons who work with the Florida Legislature, prisoners in state correctional institutions, and managerial employees, among others. Whether the legislative policy determinations which resulted in those exclusions are wise or desirable is not for this court's determination. As the Supreme Court further noted in *City of New Orleans v. Duke,* "the judiciary may not sit as a super-legislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines". 427 U.S. 297, 303, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511 (1976).

It is clear from a reading of *Murphy v. Mack, supra,* that the Florida Supreme Court did not arrive at its determination that deputy sheriffs are appointees in an arbitrary fashion. Rather, the court examined the unique historical status of deputy sheriffs and concluded that they were not employees within the meaning of section 447.203, *Florida Statutes.* Deputy sheriffs are treated no differently than other appointees, that is, they do not have the right to engage in collective bargaining. The plaintiffs contend that the Equal Protection Clause is violated because they are not treated the same as other law enforcement officers in the State of Florida. This court finds, however, that other law enforcement officers in Florida are different in fact from these deputy sheriffs. "The Constitution does not require things which are different in fact . . . to be treated in law as though they were the same." *Tigner v. State of Texas,* 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124 (1940). Because of the unique historical status of deputy sheriffs, this court finds that their exclusion from the coverage of the Chapter 447, Part II, *Florida Statutes,* is reasonable and is not invidiously discriminatory. Accordingly, the court finds that neither the defendants' conduct nor the Florida Supreme Court's interpretation of section 447.-203(3), *Florida Statutes,* violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

Accordingly, it is ORDERED:

1. The plaintiffs' motion for summary judgment is DENIED.

2. The defendants' motion for summary judgment is GRANTED.

3. The defendants shall prepare and present a final judgment in accordance with this Order.

4. Costs to be awarded upon proper motion and hearing.