**FRATERNAL ORDER OF POLICE, SHERIFF'S LODGE NO. 32, and Robert Deak, Plaintiffs,**

**v.**

**George A. BRESCHER, as Sheriff of Broward County, Florida, Defendant.**

**No. 83–6327–CIV–JAG.**

United States District Court, S.D. Florida, N.D.

Feb. 13, 1984.

Robert D. Klausner, Pelzner, Schwedock, Finkelstein & Klausner, P.A., Hollywood, Fla., for plaintiffs.

Philip S. Shailer, Shailer, Purdy & Jolly, Fort Lauderdale, Fla., Joseph A. Caldwell, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bremnick, P.A., Miami, Fla., for defendant.

## MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon defendant's motion to dismiss or, in the alternative, for summary judgment. For the reasons set forth below, the Court finds plaintiffs' case barred by the doctrine of res judicata and, therefore, grants defendant's motion for summary judgment.

### I. *Background*

Plaintiffs, the Fraternal Order of Police, Sheriff's Lodge No. 32 ("FOP"), an organization comprised of 350 deputy sheriffs, and Robert Deale, a deputy sheriff in the Broward Sheriff's Office ("BSO"), seek declaratory and injunctive relief under 28 U.S.C. § 2201 and 42 U.S.C. § 1983, respectively, against George Brescher, the Sheriff of Broward County. Plaintiffs charge that Sheriff Brescher, on behalf of the BSO, has refused to engage in collective bargaining negotiations with the FOP. Plaintiffs attribute this recalcitrance to Sheriff Brescher's belief that the deputy sheriffs are "officers," and thus not "public employees," under Florida law. The Sheriff's refusal to bargain is alleged to be an act under color of state law, and plaintiffs contend that the denial of bargaining status denies them due process and equal protection of the law. Moreover, FOP alleges that seven of its members have suffered various forms of employment discrimination fueled by anti-union animus. Plaintiff seeks to enjoin defendant's allegedly discriminatory activity and have this Court declare deputy sheriffs "public employees," thereby requiring the Sheriff to bargain.

### II. *Analysis*

A summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). The evidence is reviewed in the light most favorable to the party opposing the motion. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir.1983).

In this case, defendant contends that he is entitled to summary judgment because plaintiffs claim is barred by res judicata. Plaintiffs contest this conclusion because they allegedly were not adequately represented at the first trial due to both their lack of notice of the earlier class suit and the factual uniqueness of their present claims. Upon review of the record in this case, the Court finds that defendant's motion for summary judgment should be granted.

The res judicata question presented in this case necessarily requires an initial review of the decision which purportedly bars plaintiffs present action, *Sikes v. Boone*, 562 F.Supp. 74 (N.D.Fla.), *aff'd mem.*, 723 F.2d 918 (11th Cir.1983). In *Sikes*, the district court held that deputy sheriffs are not "employees" for purposes of collective bargaining negotiations. *Sikes* involved a class action suit brought by "deputy sheriffs appointed by the sheriff of any counties of ... Florida, except Duval County, Escambia County, Metropolitan-Dade County, and Volusia County." *Id.* at 76. Conspicuously absent from the excluded class, and thus included among the plaintiff class, were the deputy sheriffs of Broward County. The named plaintiffs in *Sikes* also represented "all employee organizations which seek to represent the deputy sheriffs employed in any county in ... Florida." *Id.*

Plaintiff FOP apparently is included among the plaintiff class in *Sikes,* too.

The district court in *Sikes* first held that under *NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963),[1] it is bound by the Supreme Court of Florida's construction of Section 447.203(3)[2] in *Murphy v. Mack,* 358 So.2d 822 (Fla.1978). In *Murphy,* the supreme court thoroughly analyzed the history and prior judicial interpretation of Section 447.203(3), and concluded that a deputy sheriff is an "appointee," and not a "public employee." *Id.* at 826. "The office of under or deputy sheriff is a common-law office; and this is the rule unless a change is effected by the constitution or statute law of the state. He holds an appointment, as distinguished from an employment." *Id.* at 825.

As recognized in *Sikes,* the key to the *Murphy* decision is the deputy sheriff's 'appointee' status. This status was made necessary to give a "sheriff absolute control over the selection and retention of his deputy sheriffs." 562 F.Supp. at 78. Having recognized the sheriff's plenary power over deputy sheriffs, it was simple to conclude that "deputy sheriffs have no property or liberty interests in their positions for purposes of the Fourteenth Amendment of the United States Constitution." *Id.* (citing

*Tanner v. McCall,* 625 F.2d 1183 (5th Cir. 1980), *cert. denied,* 451 U.S. 907, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981) (applying Florida law)).

The remaining issue to be resolved in *Sikes* was whether the sheriff's refusal to bargain with the deputy sheriffs and their representatives constituted a violation of the deputy sheriffs' first amendment right to associate. The court concluded that *employees* do have a fundamental right to organize for purposes of collective bargaining, 562 F.Supp. at 79, but deputy sheriffs are not employees[3] and therefore have no such right.

In challenging the *Sikes* decision, plaintiffs here principally contend that the class representative did not adequately represent their interests because they did not receive notice of their right to opt out of the class, and because their status is factually distinct from the class members in *Sikes.* Defendant responds that plaintiffs are barred by res judicata from collaterally attacking the *Sikes* class certification order. Any challenges to that order, suggests defendant, should be raised in the appeal to the Eleventh Circuit.

█ Res judicata bars plaintiffs from bringing this suit only if this Court decides

---

1. *Button* holds that a federal court is bound by the interpretation placed on a state statute by the highest court of the state.

2. Section 447.203(3) provides:
   "Public employee" means any person employed by a public employer except:
   (a) Those persons appointed by the Governor or elected by the people, agency heads, and members of boards and commissions.
   (b) Those persons holding positions by appointment or employment in the organized militia.
   (c) Those individuals acting as negotiating representatives for employer authorities.
   (d) Those persons who are designated by the commission as managerial or confidential employees pursuant to criteria contained herein.
   (e) Those persons who are designated by the commission as managerial or confidential employees pursuant to criteria contained herein.
   (f) Those persons who have been convicted of a crime and are inmates confined to institutions within the state.

   (g) Those persons appointed to inspection positions in federal/state fruit and vegetable inspection service whose conditions of appointment are affected by the following:
   1. Federal license requirement.
   2. Federal autonomy regarding investigation and disciplining of appointees.
   3. Frequent transfers due to harvesting conditions.
   (h) Those persons employed by the Public Employees Relations Commission.
   (i) Those persons enrolled as graduate students in the State University System who are employed as graduate assistants, graduate teaching assistants, graduate teaching associates, graduate research assistants, or graduate research associates and those persons enrolled as undergraduate students in the State University System who perform part-time work for the State University System.
   Fla.Stat.Ann. § 447.203(3) (West Supp.1983).

3. The *Sikes* court characterized them as 'appointees' or 'individuals' for purposes of collective bargaining rights.

that the class representative in *Sikes* adequately represented the plaintiffs' interests. *Woolen v. Surtran Taxicabs, Inc.*, 684 F.2d 324, 326 n. 1 (5th Cir.1982); *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir.1973) (plaintiff inadequately represented when class representative in first suit failed to appeal from trial court's judgment). Adequacy of class representation is vital in order to protect the due process rights of the absent class members, to afford finality to the orders and judgment in the class proceeding, and to protect a defendant from inconsistent adjudications and the expense of defending several suits. *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed.2d 22 (1940); *Webb v. Missouri Pacific Railroad Co.*, 95 F.R.D. 357, 366 (E.D. Ark.1982).

■ *Gonzales v. Cassidy* establishes a two-step inquiry to determine whether the class representative adequately represented the class so that judgment in the class suit will bind the absent members. "(1) Did the trial court in the first suit correctly determine, initially, that the representative would adequately represent the class? and (2) Does it appear, after the termination of the suit, that the class representative adequately protected the interests of the class?" 474 F.2d at 72.

In reviewing the *Sikes* court's *initial* determination that the Florida Police Benevolent Association, Inc. ("FPBA") would be an adequate representative, two criteria are to be used. "[First,] the representative must have common interests with the unnamed members of the class; and [second], it must appear that the representative will vigorously prosecute the interests of the class through qualified counsel." 474 F.2d at 72.

The FPBA is a broad-based statewide collective bargaining organization which represents deputy sheriffs. *Sikes v. Boone*, Plaintiff's Motion for Certification of the Plaintiffs' and Defendants' Class, at 2 (filed May 12, 1981). Although the FPBA competes with the FOP for the representation of law enforcement personnel, *Fraternal Order of Police v. Brescher*, Plaintiffs' Reply to Motion to Dismiss and Motion for

Summary Judgment, at 7 (filed Jan. 26, 1984), they share a common interest in having deputy sheriffs recognized as 'employees' for purposes of collective bargaining with county sheriffs. Only if these organizations prevail on this legal issue can they then compete for exclusive representative status. Finding, as does the Court, that the FPBA and the FOP possess the same incentive to have deputy sheriffs declared 'employees,' the Court concludes that the two organizations share common interests.

The record in *Sikes* also demonstrates that the trial court was correct in its initial determination that the FPBA would "vigorously prosecute the interests of the class [of deputy sheriffs] through qualified counsel." As the Plaintiffs' Motion for Class Certification in *Sikes* explained,

> the attorneys for Plaintiffs are experienced and capable in litigation in the field of labor and civil rights law and have represented claimants in other actions of this nature.
>
> There is no conflict as between the named Plaintiffs and other members of the class with respect to this action, or with respect to the claims for relief set forth.

Plaintiffs' Motion for Certification of the Plaintiffs' and Defendants' Class, at 2–3. The district court order, adopting this view as its own, found that "the requirements of Federal Rule of Civil Procedure 23(a)" were satisfied and certified the class under Rule 23(b)(2). Order Granting Class Certification, at 2 (filed July 17, 1981).

The evidence here not only indicates that the FPBA would vigorously prosecute the *Sikes* case for the benefit of the class members, but "there are no allegations that [the FPBA] was not fully qualified to handle the case ...." *Gonzales*, 474 F.2d at 73. Moreover, the fact that the FPBA appealed the *Sikes* decision "points significantly" to counsel's vigorous prosecution. *Id.* Therefore, this Court "cannot refuse to give res judicata effect to the judgment in [*Sikes* ] on the basis that the trial court in that case erroneously determined that [the

FPBA] would be an adequate representative of the class." *Id.*

*Gonzales* next directs this Court to determine whether, *"after termination of the suit,* ... the class representative adequately protected the interests of the class?" 474 F.2d at 72 (emphasis added). The principal concern here is whether the FPBA's "conduct of the entire suit was such that due process would not be violated by giving res judicata effect to the judgment in [*Sikes*]." *Id.* at 73. The primary criteria is "whether the representative, through qualified counsel, vigorously and tenaciously protected the interests of the class." *Id.* at 75.

This Court has previously recognized that FPBA's representation was more than adequate in the *Sikes* trial. The narrow question, therefore, is whether the representative's failure to give the FOP notice of their right to opt out of the class constitutes inadequate representation of the class so that FOP is not bound by the judgment.

The first step here is to examine subdivision (b) of Rule 23 in order to establish the proper context in which to make this inquiry. Subdivision (b) provides:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The district court in *Sikes* certified the class there under Rule 23(b)(2). Plaintiffs here suggest that the *Sikes* court actually meant to certify the class under subdivision (b)(3). The difference is significant, because Rule 23(c)(2) requires that in any class action maintained under subdivision (b)(3), the trial court *must* direct notice to the members of the class of the right of each member to be excluded from the class upon his request, while the notice requirement is *discretionary* if the class is certified under subdivision (b)(2). *Holmes v. Continental Can Co.,* 706 F.2d 1144, 1154–57 (11th Cir.1983); *Woolen v. Surtran Taxicabs, Inc.,* 684 F.2d 324, 325–26 n. 1 (5th Cir.1982); *Gonzales,* 474 F.2d at 74 n. 12.

After reviewing the facts in *Sikes,* this Court finds the district court order certifying the class under subdivision (b)(2) to be correct. Rule 23(b)(2) is

intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate. Declaratory relief 'corresponds' to injunctive relief when as a practical

matter it affords injunctive relief or serves as a basis for later injunctive relief.

Fed.R.Civ.P. 23(b)(2) advisory committee note. Factually, *Sikes* can easily be defined as a (b)(2) class action. The FPBA in *Sikes* sought a declaratory judgment that the supreme court's interpretation of § 447.203 (denying deputy sheriffs 'employee' status) was unconstitutional, and an order to permanently enjoin the Florida Public Employees Relations Committee from enforcing the supreme court's interpretation. As explained earlier, *supra* p. 1522–1523, the deputy sheriffs in *Sikes*, like those here, sought to have their legal status altered by the court so they could engage in collective bargaining with the county sheriffs. The *Sikes* court recognized these characteristics of the class, and decided to certify it under Rule 23(b)(2).

Simply because the *Sikes* class also could have been certified under (b)(3) does not justify a finding of error. Indeed, many courts have held that if a class meets the requirements of (b)(3), but also qualifies as a class under (b)(1) or (b)(2), it is not to be treated as a (b)(3) class for purposes of the notice requirements of the "opt-out" provision. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 252–53 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Hammond v. Powell*, 462 F.2d 1053, 1055 n. 3 (4th Cir.1972); *Van Gemert v. Boeing Co.*, 259 F.Supp. 125, 130 (D.C.N.Y.1966); *cf. Robertson v. National Basketball Association*, 556 F.2d 682, 685 (2d Cir.1977) (discussing (b)(1) and (b)(3)).

Furthermore, "[t]he claims of the class representatives in a classic (b)(2) class are likely to be typical of and congruent with the claims of the class as a whole." *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1156 (11th Cir.1983). As one district court explained, the commonality and typicality requirements overlap with the adequacy of representation rule, because subdivision (a)(4) "mandates that the interests of the named plaintiffs coincide with those of the class as a whole." *Young v. Pierce*, 544 F.Supp. 1010, 1032 (E.D.Tex.1982). The claims of the class representative in *Sikes* exhibit just this type of homogeneity. Each plaintiff class member wanted deputy sheriffs to be declared 'employees.' As explained earlier, such a ruling would have enabled the labor organization to compete for representative status, and it would have enhanced the bargaining power of the deputy sheriffs. The "substantial cohesion" of the class interests in *Sikes* lends additional support to the district court's decision to certify the class under subdivision (b)(2). *Holmes*, 706 F.2d at 1155 n. 8.

Plaintiffs' contention that the Broward County deputy sheriffs' status is factually distinct from the deputy sheriffs in *Sikes* is no more persuasive than their other arguments. As explained in *Murphy v. Mack*, and echoed in *Sikes*, the dispositive factor in deciding whether a deputy sheriff is an 'appointee' or an 'employee' is the sheriff's absolute power to control the deputy sheriff's selection and retention. *See also Blackburn v. Brorein*, 70 So.2d 293 (Fla. 1954). The recent decisions in *Ison v. Zimmerman*, 372 So.2d 431 (Fla.1979) and *Escambia County Sheriffs' Department v. Florida Police Benevolent Association, Inc.*, 376 So.2d 435 (Fla. 1st DCA 1979), also suggest that a special civil service act passed by the legislature also is important, because it can modify the deputy sheriff's status as a matter of law. (Recall the Florida Supreme Court's instruction in *Murphy* that the deputy sheriff's 'appointee' status "is the rule unless a change is effected by ... statute law of the state." 358 So.2d at 825.)

But the thrust of plaintiffs' claim of modified status is based neither on the concept of accountability nor the existence of a special act of the legislature.[4] Rather,

---

4. Plaintiffs also argue that changes in Section 768.28, Fla.Stat.Ann. (West Supp.1983), which provides for waiver of sovereign immunity, render *Sikes* obsolete. Plaintiffs submit that because the state and its agencies now have waived their sovereign immunity in certain circumstances, and because the sheriff is an agency of the State, *Murphy*, 358 So.2d at 824, there no longer is statutory support for the underlying common-law policy of designating the deputy sheriff as an 'appointee' in order to preserve his accountability when acting in the sheriff's stead.

plaintiffs maintain that they are deserving of 'employee' status because Broward County deputy sheriffs perform municipal police functions and are paid out of county funds. Amended Complaint ¶ 28, 29. Based on the foregoing, this factual distinction is not legally significant.

In conclusion, this Court holds that the judgment in *Sikes* shall be given res judicata effect for plaintiffs in the instant case. The Court finds that plaintiffs have made no showing that they were inadequately represented by the class representative in *Sikes*. Accordingly, defendant's motion for summary judgment is granted.

DONE AND ORDERED in chambers at Fort Lauderdale, Florida, this 10th day of February, 1984.

The Court rejects this reasoning on two grounds. First, this argument does not appear to be related to the issue of the adequacy of the class representative's representation, and thus is not subject to collateral review by this Court. Second, even if review of this issue is proper, the Court finds the plaintiffs' argument unpersuasive because no showing has been made that section 768.28 should be interpreted in a manner akin to a special act. *See Ison,* 372 So.2d 431; *Escambia,* 376 So.2d 435; *supra* p. 1522–1523.

This Court also will not review plaintiffs' claims of discriminatory treatment allegedly caused by anti-union animus unless and until plaintiffs demonstrate that they have exhausted their administrative or other remedies.