358 So.2d 822 (1978)
Ernest P. MURPHY, Sheriff of Osceola County, Florida, et al., Petitioners,
v.
Curtis L. MACK et al., Respondents.
No. 51025.
Supreme Court of Florida.
March 2, 1978.
Rehearing Denied June 5, 1978.
Jack M. Skelding, Jr., of Madigan, Parker, Gatlin, Truett, Swedmark & Skelding, Tallahassee, Norman J. Smith, Kissimmee, Frank J. McKeown, Jr., West Palm Beach, and Walter O. Lambeth, Jr., Atlanta, Ga., for petitioners.
William E. Powers, Jr., Gen. Counsel, and Gene L. Johnson and Michael M. Switzer, Staff Attys., Tallahassee, and Irving Weinsoff, of Weinsoff & Weinsoff, Miami, for respondents.
Mallory E. Horne, Tallahassee, for Florida Police Benevolent Ass'n, amicus curiae.
KARL, Justice.
This cause is before us on petition for writ of certiorari granted to review the decision of the District Court of Appeal, in Murphy v. Mack et al., Heidtman v. Florida State Lodge, Fraternal Order of Police, reported at 341 So.2d 1008 (Fla. 1st DCA 1977). We have jurisdiction because the decision of the District Court affects a class of constitutional officers. Article V, Section 3(b)(3), Florida Constitution.
*823 The Florida State Lodge, Fraternal Order of the Police, filed an amended petition for certification of representation with the Public Employees Relations Commission (PERC) seeking certification as representative of certain deputy sheriffs of the Palm Beach County Sheriff's Office for the purpose of collective bargaining. The amended petition designated the Palm Beach County Sheriff's Department as the employer, and the designated unit claimed to be appropriate included all sworn personnel up to and including lieutenants and excluded civil deputies, bailiffs, captains and above. The Osceola County Police Benevolent Association also filed a petition for certification with PERC seeking to represent all Osceola County deputy sheriffs as their exclusive bargaining agent. The amendment to the amended petition for certification named Ernest Murphy, Sheriff of Osceola County, and/or the Osceola County Commission as the public employer.
Both Sheriff Heidtman, Palm Beach County, and Sheriff Murphy, Osceola County, filed separate motions to dismiss the amended petitions for certification which alleged, inter alia, that a sheriff is not a public employer under Chapter 447, Florida Statutes (1975), which motions were subsequently denied. PERC requested that the Division of Administration provide hearing officers for both of these matters to consider whether sheriffs are public employers within the meaning of Chapter 447, Florida Statutes (1975), whether petitioners are employee organizations within the meaning of Chapter 447, Florida Statutes (1975), whether the employee organizations are properly registered organizations with PERC, and what are the appropriate units of public employees. After the hearing officer filed his reports with PERC and exceptions were filed, a public hearing was held, and PERC then rendered its decisions. PERC concluded that a sheriff is an entity with "sufficient legal distinctiveness properly to carry out the functions of a public employer" and determined that deputy sheriffs are public employees within the definition of Section 447.203(3), Florida Statutes (1975).
Petitions for writ of certiorari were thereafter filed with the District Court of Appeal, First District, to review the PERC orders. The two cases were consolidated for oral argument and for decision by the District Court. The two questions presented were whether a sheriff is a public employer and whether deputy sheriffs are public employees as defined in Chapter 447, Florida Statutes (1975). The District Court held that a sheriff is an agency of the State and, therefore, comes within the definition of public employer as set out in Section 447.203(2), Florida Statutes (1975), which provides:
"`Public Employer' or `employer' means the state or any county, municipality, or special district or any subdivision or agency thereof which the commission determines has sufficient legal distinctiveness properly to carry out the functions of a public employer... ."
The District Court further determined that although deputy sheriffs are officers, they are also public employees within the definition of Section 447.203(3), Florida Statutes (1975), since Chapter 447, Florida Statutes (1975), includes persons appointed to their positions and public officers.
We are here confronted with the questions of whether a sheriff is a "public employer" and whether a deputy sheriff is a "public employee" as such terms are utilized in Chapter 447, Florida Statutes (1975). Petitioners argue that the District Court erred in holding that a sheriff, an independently elected, county constitutional officer, is an agency of the State and mistakenly relied on State ex rel. Clyatt v. Hocker, 39 Fla. 477, 22 So. 721 (1897), as authority for its decision. Petitioners submit that the constitutional and statutory scheme of this state relating to county sheriffs is to provide for independently elected county officers who are subject to minimal interference by any state regulatory agency. Distinguishing the classification of sheriffs from county school boards, petitioners state that sheriffs in Florida have never been held to be immune from suit under sovereign immunity on the theory that they were *824 a part of the State. Petitioners emphasize that the term "officer" is noticeably absent from the Chapter 447, Florida Statutes (1975), definition of public employer and that sheriffs have not been made part of a state system subject to state control.
PERC responds that the District Court correctly found the office of sheriff to be an agency of the State since it is well established that a public office is an agency of the State, that the constitutionally created office of sheriff is an agency of the sovereign power from which it derives its authority and, therefore, is a public employer. Clear legislative intent was to encompass all governmental entities functioning as a public employer  all employing entities in the public sector. Undoubtedly, sheriffs perform the functions normally associated with an employer and exercise the requisite control over their personnel and the conditions under which they work.
Respondents, Florida State Lodge, Fraternal Order of the Police, contend that a sheriff is a public employer and that this Court expressly stated in State ex rel. Clyatt v. Hocker, supra, that an office is an agency of the State. Comparing Section 447.203, Florida Statutes (1975), and Section 112.044, Florida Statutes (1976), (which does contain an exclusion for any law enforcement agency) respondent argues that had the Legislature intended to exclude sheriffs from the coverage of Section 447.203, Florida Statutes (1975), it would have expressly done so as it had done in Section 112.042, Florida Statutes (1975).
Amicus, Florida Police Benevolent Association, submits that the sheriffs never questioned their sufficient legal distinctiveness and requisite control of the terms and conditions of employment of their personnel so as to carry out the functions of a public employer.
In response to the first question, we agree with the decision and rationale of the District Court and find that the definition of public employer does encompass sheriffs. Because of the broad purpose enunciated in the act to promote harmonious and cooperative relationships between government and its employees, both collectively and individually, and to protect the public by assuring the uninterrupted operations and functions of government, we find that the term "agency," as employed by the Legislature, was intended to include sheriffs. The office of sheriff possesses the requisite control over the terms and conditions of employment of its personnel and is sufficiently distinct from other county offices to warrant its designation as a public employer. Cf. Blackburn v. Brorein, 70 So.2d 293 (Fla. 1954), Weitzenfeld v. Dierks, 312 So.2d 194 (Fla. 1975).
As to the second issue for review relative to the status of deputy sheriff under Chapter 447, Florida Statutes (1975), we find that the language employed by the Legislature in Chapter 447, Florida Statutes (1975), does not reveal a legislative intent to include appointed deputy sheriffs within the definition "public employee."
Section 447.203(3), Florida Statutes (1975), defines "public employee" as:
"... any person employed by a public employer except:
"(a) Those persons appointed by the Governor or elected by the people, agency heads, and members of boards and commissions.
"(b) Those persons holding positions by appointment or employment in the organized militia.
"(c) Those individuals acting as negotiating representatives for employer authorities.
"(d) Those persons who are designated as managerial or confidential employees pursuant to criteria contained herein upon application of the public employer to the Public Employees Relations Commission." (Emphasis supplied.)
Section 30.07, Florida Statutes (1975), provides:
"Deputy sheriffs.  Sheriffs may appoint deputies to act under them who shall have the same power as the sheriff appointing them, and for the neglect and default of whom in the execution of their office the sheriff shall be responsible."
*825 A sheriff is authorized to appoint deputies, for whose acts he is responsible, to act in his stead. A deputy sheriff holds office by appointment rather than employment and is invested with the same sovereign power as the chief law enforcement officer of the county. The relationship between sheriff and deputy has not been recognized by this Court to be that of employer and employee. To the contrary, this Court has expressly held that a deputy is not an employee, which is consistent with the common-law concept of deputy sheriffs. Blackburn v. Brorein, supra. The office of deputy is described in 70 Am.Jur.2d Sheriffs, Police and Constables § 2, and we quote with approval the following excerpt therefrom:
"The office of under or deputy sheriff is a common-law office; and this is the rule unless a change is effected by the constitution or statute law of the state. He holds an appointment, as distinguished from an employment. Where so clothed with power, a deputy sheriff is a public officer, although he may not be a state or municipal officer within the meaning of constitutional provisions. A deputy sheriff is a public officer under laws which require his appointment by the sheriff to be approved by a judge, and which provide that he must take an oath of office, and confer on him powers and duties equal to those of the sheriff himself. As such, he has been held not subject to civil service regulations. And in the absence of specific language including deputy sheriffs, a deputy sheriff has been held to be an official, and not an employee, of a county, within the meaning of a workmen's compensation act. A deputy sheriff has been held to be embraced within the words `or other county officer' contained in a statute relating to jury service, and, a special deputy, or one employed in particular cases, has been held to be an officer of the state under a statutory provision relating thereto."
Rather than changing or modifying the traditional conception of the relationship between a sheriff and his deputy, this Court has ofttimes recognized the peculiar status of the deputy. This Court, in Holland v. Mayes, 155 Fla. 129, 19 So.2d 709 (Fla. 1944), iterated that there is no relation as master and servant existing between the sheriff and his deputies. Cf. Mendez v. Blackburn, 226 So.2d 340 (Fla. 1969).
Blackburn v. Brorein, supra, involved a suit by the Sheriff of Hillsborough County to determine the status of deputy sheriffs, i.e. whether they were employees of the sheriff or of the county. Describing at length the nature of the office, both at common law and under the constitution and laws of this state, emphasizing that the statutes require appointment of deputy sheriffs by the sheriff and citing with approval the passage from 47 Am.Jur. Deputies § 154 to the effect that the deputy holds an appointment as distinguished from an employment, this Court concluded that deputy sheriffs were not employees and that the provision of the Hillsborough County Civil Service Law providing that deputy sheriffs are employees within the classified services provision of the act was unconstitutional. Therein, this Court incidentally explained the necessity of a sheriff maintaining absolute control over the selection and retention of his deputies in order that law enforcement be centralized in a county and in order that the people be enabled to place responsibility upon a particular officer for failure of law enforcement.
In Parker v. Hill, 72 So.2d 820 (Fla. 1954), a widow of a deputy sheriff who died from injuries received in an altercation while on duty filed a claim for workmen's compensation benefits against the county and the sheriff thereof. Opining that the acts performed by the deputy sheriff are as a deputy "sheriff" of the county and not as an "employee," this Court held that the deputy sheriff was not an employee but did come under the purview of the Workmen's Compensation Act, not as an employee but as an officer "not elected at the polls."
The District Court of Appeal, First District, in Johnson v. Wilson, 336 So.2d 651 (Fla. 1st DCA 1976), has previously determined that a deputy sheriff was not an *826 employee since the sheriff did not employ Johnson as a deputy sheriff but appointed him, giving him the same power as the sheriff. The issue posed therein was whether the Police Officers' Bill of Rights was applicable to the constitutional office of sheriff, and the District Court held that it was not applicable.
Since deputy sheriffs have not been identified as employees by the courts of this state, we cannot assume that the Legislature intended to include them within the definition of public employee without express language to this effect. In the absence of language including deputy sheriffs within the definition set forth in Chapter 447, Florida Statutes (1975), we find that they are not encompassed by the act.
The determination that a deputy sheriff is not a public employee is not inconsistent with our conclusion that the sheriff is a public employer since there may be persons employed by the sheriff, such as typists, stenographers, bookkeepers, cooks, janitors or others, who are not deputy sheriffs and whose duties and powers do not constitute a part of the sovereign power, who would be embraced by the definition of "public employee" in Section 447.203(3), Florida Statutes (1975). Cf. Blackburn v. Brorein, supra.
Accordingly, we hold that a sheriff is a "public employer" within the definition of Chapter 447, Florida Statutes (1975), but that a deputy sheriff is not a "public employee" within the contemplation of said act. Therefore, the decision of the District Court of Appeal is quashed insofar as it is inconsistent with this decision, and this cause is remanded for further proceedings consistent herewith.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.