NESBITT, Judge.
Appellants, collectively, seek reversal of a final judgment granting a writ of prohibition enjoining them, as the Monroe County Career Service Council, from entertaining an employee grievance lodged with them by appellant, Debra Fowler, against the appel-lee, The Honorable Harry F. Knight, Monroe County Tax Collector. The trial court granted the writ of prohibition upon its determination that Debra Fowler was a “deputy” tax collector as a matter of law and thus was not amenable to the jurisdiction of the Monroe County Career Service Council, established by Chapter 69-1321, Special Acts, Laws of Florida, as amended.
The parties agree the determinative question is whether Debra Fowler is a “deputy” tax collector. If she is, then, as a public officer, she is not amenable to the jurisdiction of the Council. Our inquiry is to determine whether the office of deputy tax collector exists in Monroe County or whether the Monroe County Tax Collector has the power to appoint or delegate the power of his office.
We determine that Debra Fowler is not a deputy and therefore do not discuss appellants’ alternative argument that she would nonetheless be amenable to the jurisdiction of the Council under the reasoning of Ison v. Zimmerman, 372 So.2d 431 (Fla.1979).
*730 We begin with the definition of a deputy. In Blackburn v. Brorein, 70 So.2d 293 (Fla.1954), the Supreme Court, in discussing the office of a deputy sheriff, stated:
A deputy is a person appointed to act for another and he may do anything that his principal may do. A deputy is a substitute for another and is empowered to act for him in his name and behalf in all matters in which the principal may act. The principal is responsible for the acts of his deputy and the authority of the deputy ceases upon the latter’s death or disqualification.
70 So.2d at 296.
The trial court relied principally on Section 197.086, Florida Statutes (1977) and Section 320.04(2), Florida Statutes (1977) for its determination that Debra Fowler was á deputy tax collector as a matter of law.
Section 197.086 authorizes a tax collector or his deputy to levy, seize or sell personal property of a delinquent taxpayer under a tax warrant. The legislative history of this aspect of a tax collector’s function discloses a legislative retrenchment of a tax collector’s authority to deputize. Chapter 69-55, Laws of Florida, expressly repealed Section 193.46 of the Florida Statutes (1967). This defunct statute formerly authorized such actions as follows:
Tax collectors may appoint a deputy or several deputies to levy upon, and seize personal property for unpaid taxes, and a written appointment from the tax collector, , . . shall be sufficient warrant and authority for such deputy to act,
Section 320.04(2) prohibits tax collectors, deputies or other employees from receiving compensation while acting as a notary public in the sale of license tags or titles. These two statutes are the only authority to which we are referred as a basis for- the Monroe County Tax Collector to appoint a deputy.
While the functions enumerated in those statutes are important, they do not embrace all of the responsibilities or duties of a tax collector. The office and function of a tax collector is far more expansive. The existence of deputy tax collectors by implication from the two cited statutes is too tenuous a basis to support the conclusion that the Legislature has either created the office or authorized the appointment or delegation of the power to the office. The authority of a public official to delegate the power of his office is clearly circumscribed by the decision of State v. Inter-American Center Authority, 84 So.2d 9, 13-14 (Fla.1955) where the Supreme Court stated: “We are familiar with the rule that in the absence of statutory authority, a public officer can not delegate his powers, even with the approval of the court.”
Appellees rely heavily upon Blackburn v. Brorein, 70 So.2d at 296, for the proposition that: “[statutory authority is not necessary to enable a public official to appoint sufficient deputies to perform the duties of his office.” We do not doubt the accuracy of that statement provided that the office of deputy is in existence. That was the case in Blackburn v. Brorein, supra, and in Murphy v. Mack, 358 So.2d 822 (Fla.1978) where our Supreme Court recognized that the office of under or deputy sheriff existed at common law. Equally important to those decisions is that the office of deputy sheriff exists by express statutory authority. Section 30.07, Florida Statutes (1977), which is declaratory of the common law, expressly authorizes the respective sheriffs to appoint deputies who share “the same power as the sheriff appointing them.” Apparently, the office of deputy tax collector did not exist at the common law.
The tax collector is an elected constitutional officer under Article VIII, Section 1(d) of the Florida Constitution (1968). The Constitution makes no reference to the office of deputy tax collector or authority of the tax collector to appoint and delegate the power of his office.
The authority to deputize is a significant act.' A deputy may exercise all the power of his principal. In the case of an elected public officer, this involves delegation of the power of the office which has been vested in him by the voters. ■ Our study of *731 the Supreme Court decisions instructs that a public officer may not delegate his authority in this manner without express legislative authority.
The trial court was properly concerned with the tax collector possessing sufficient authority to employ qualified personnel to assist him in the performance of his duties. We do not consider there to be any impediment in that regard. 63 Am.Jur.2d Public Officers and Employees § 483 (1972) states:
Among the principal aides to public officers are deputies and assistants. The two are by no means the same or equivalent, and the two words are not legally synonymous. An assistant is one who aids, helps, or assists while a deputy is a person appointed to act for another, a substitute or delegate who acts officially for his principal.
We conclude the office of deputy tax collector does not exist in Monroe County nor does the tax collector there enjoy the power to appoint and delegate the authority of his office.
The judgment of prohibition is reversed with directions to dismiss the petition.