James H. Nance Chairman, Civil Service Board for Brevard County Sheriff's Office Melbourne
QUESTION:
Is the civil service board, created by ch. 67-1149, Laws of Florida, to administer a civil service system for the deputy sheriffs and employees of the office of the sheriff of Brevard County, subject to the Government in the Sunshine Law?
SUMMARY:
The civil service board created, and whose powers, duties, and functions are prescribed, by ch. 67-1149, Laws of Florida, for the purpose of administering a civil service system for the deputy sheriffs and employees of the office of the Sheriff of Brevard County is an agency over which the Legislature's authority extends and which is within the dominion and control of the Legislature and, therefore, in subject to the Government in the Sunshine Law, s. 286.011, F. S.
Your question is answered in the affirmative.
The `Government in the Sunshine Law,' s. 286.011, F. S., in pertinent part provides:
 (1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times . . . . (Emphasis supplied.)
Section 286.011, F. S., has been said to be applicable to and binding upon all meetings of any board or commission of the state or of any county or political subdivision over which the Legislature `exercises dominion and control' (see Times Publishing Co. v. Williams, 222 So.2d 470 (2 D.C.A. Fla., 1969), and City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971)) and to cover any gathering where members deal with some matter on which foreseeable action (decisions affecting the public) will be taken. Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969). Further, the Supreme Court has consistently stated that the Sunshine Law should be liberally construed and that doubts involving its applicability should be resolved in favor of the public. Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974). Previous opinions by my predecessor have concluded that various county and municipal civil service or personnel and police complaint boards specifically fall within the scope of s. 286.011.See AGO's 071-29, 073-370, 077-132, 078-105, and 079-63. The rationale of these opinions applies with equal force to the civil service board created, whose authority and duties are prescribed, by ch. 67-1149, Laws of Florida. Cf. Krause v. Reno,366 So.2d 1244 (3 D.C.A Fla., 1979). Chapter 67-1149 is an act `creating civil service for employees of the office of sheriff and creating a civil service board to administer and said act in Brevard County . . . .' The enacting provisions of the act `created in Brevard County, a civil service board . . . to administer a civil service system for the deputy sheriffs and employees of the office of sheriff of [the] . . . county.' Section 1, ch. 67-1149. Section 2 of ch. 67-1149 places `the position of the office of the sheriff, chief deputy, chief criminal deputy, and chief civil deputy' in the unclassified service. All other officers, positions or classes thereof, or employments in the office of the sheriff of the county are placed in the classified service. Chapter 67-1149 was found `to be constitutionally valid in that it contains neither an unconstitutional restriction on the duties of the office of sheriff nor an invalid title.' Ison v. Zimmerman, 372 So.2d 431
(Fla. 1979).
It is clear from the title of ch. 67-1149, Laws of Florida, and the enacting provisions thereof that the civil service board in question was created by the Legislature in and for Brevard County to administer ch. 67-1149 in that county in accordance with that statute which grants the board its powers and prescribes its duties and functions. It is also clearly implicit in s. 3 of ch. 67-1149, if not explicitly stated, that, once the statute become an operative law, the provisions of ch. 67-1149, and the functioning of the subject civil service board thereunder, could not be altered in any way except by act of the Legislature. Thus, the civil service board is not subject to the dominion or control of the county sheriff; rather, such board is one over which the Legislature's authority extends at all times and which is within the dominion and control of the Legislature. See Times Publishing Co. v. Williams, supra, and City of Miami Beach v. Berns, supra; and cf. Krause v. Reno, supra. Moreover, although in itself not decisive, the sheriff is a county officer (see s. 1(d), Art. VIII, State Const.); the deputy sheriffs and employees of the sheriff's office are, for purposes of this opinion, county officers and employees; and the office of sheriff is an agency of the county within the purview and for the purposes of s. 286.011, F. S. Cf. Murphy v. Mack, 358 So.2d 822, 824 (Fla. 1978), finding that the term `agency,' for purposes of part II of ch. 447, F. S., included sheriffs, and Krause v. Reno, holding that a city manager was, in the particular circumstances of that case, an `agency' within the contemplation of s. 286.011. The Government in the Sunshine Law governs and regulates any board of any agency of any county. As noted above, this language has been judicially construed by the appellate courts to embrace any board or commission over which the Legislature exercises dominion and control. It seems clear that the Legislature possesses the power to exercise, and in this instance has in fact exercised, dominion and control over both the county and the office of the sheriff in Brevard County to the extent provided by ch. 67-1149.
Parenthetically, I note that s. 17 of ch. 67-1149, Laws of Florida, provides that all papers filed in suspension or dismissal proceedings before the civil service board shall be public records. Pursuant to s. 119.011(2), F. S., any county officer or board or other separate unit of government created or established by law is an agency within the purview of the public records law, ch. 119, F. S., and, under the definition of `public records' set forth in s. 119.011(1), all papers or records of the civil service board made or received pursuant to law or in connection with the transaction of official business by the civil service board are records subject to inspection and examination by any person as provided in ss. 119.01 and 119.07. See also Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980), holding that a public record, for purposes of s.119.011(1), is any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type, including inter-office and intra-office memoranda communicating information from one public employee (or officer) to another or merely prepared for filing, even though not a part of an agency's later formal product. That decision further holds that no constitutional right of disclosural privacy exists in this state under the provisions of the Constitution.
Prepared by: John W. Williams, Assistant Attorney General