452 So.2d 1104 (1984)
BREVARD COUNTY, Florida, Appellant,
v.
Claude W. MILLER, As Sheriff of Brevard County, Florida, Appellee/Cross-Appellant, and
George W. Wilson; S.R. Dewitt; and Charley F. Ison, Appellees/Cross-Appellees.
Nos. 83-1104 to 83-1109.
District Court of Appeal of Florida, Fifth District.
July 12, 1984.
*1105 Kenneth C. Crooks of Nabors, Potter, McClelland, Griffith & Jones, P.A., Titusville, for appellant.
Catherine A. Riley of Blumenthal, Schwartz & Riley, P.A., Titusville, for appellee/cross-appellant, Miller.
John M. Starling of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellees/cross-appellees, Wilson, Ison and Dewitt.
PER CURIAM.
This is an appeal from a final judgment of the circuit court awarding appellees George Wilson, S.R. Dewitt and Charley Ison back salary, interest, and attorney's fees based upon their wrongful discharge from the Brevard County Sheriff's Office.
Wilson, Dewitt and Ison were deputy sheriffs who were discharged by Sheriff Zimmerman on December 1, 1976. In January, 1977, plaintiffs Dewitt and Ison filed civil actions in the Circuit Court of Brevard County, Florida, asserting that the Legislature of the State of Florida had adopted Chapter 67-1149, Special Acts, Laws of Florida (1967), providing for a civil service system for deputy sheriffs of Brevard County, Florida. Ison's lawsuit went to final hearing before the trial court, which ruled the Civil Service Act was unconstitutional. A direct appeal of this decision was taken to the Supreme Court of Florida, resulting in a reversal. Ison v. Zimmerman, 372 So.2d 431 (Fla. 1979).
The plaintiffs thereafter filed suit in the circuit court of Brevard County on May 25, 1979, based upon the Supreme Court's ruling in Ison. Pursuant to this action, the circuit court ordered formation of a civil service board and directed that the board grant the plaintiffs hearings as to their terminations. The circuit court established certain guidelines for the functioning of the civil service board and required the civil service board to make the following findings in proceedings instituted before it: (1) whether or not the plaintiffs were members of the "classified service" at the time of the action complained of; (2) whether the plaintiffs were transferred, demoted, suspended, removed, or dismissed or discharged within the purview of Chapter 67-1149; (3) whether the requisite cause had been shown by the evidence to support the transfer, demotion, suspension, dismissal, removal or discharge; and (4) whether the *1106 plaintiffs were entitled to back pay based on the bad faith of the sheriff. The plaintiffs then filed petitions before the civil service board for determination as to whether or not Sheriff Zimmerman had just cause to dismiss them from their employment in December, 1976.
Hearings were held before the civil service board, and it entered rulings that the plaintiffs were dismissed without cause and that they would be restored to the rank they had at the time of their dismissal with all back pay to which they were entitled based upon findings that the sheriff had acted in bad faith.
Sheriff Zimmerman filed a petition for a writ of certiorari to a three-judge panel of the circuit court to review the order of the civil service board. The circuit court held that only persons who were members of the classified civil service as of the date that Chapter 67-1149 went into effect had any protection under the act and that there would be no compensation paid for promotions since September 1, 1967. The three-judge panel agreed that the plaintiffs were members of the civil service and that their dismissal was without just cause and was the result of bad faith by the sheriff. The circuit court concluded that Ison would be reinstated with the rank of sergeant, Wilson would be reinstated with the rank of lieutenant, and Dewitt would be reinstated with the rank of captain. Although the circuit court concluded that the civil service board had authority to award only thirty days' back pay pursuant to section 17 of the Act,[1] the court stated:
We express no opinion as to the rights of these respondents to successfully maintain separate civil actions for back pay for time lost beyond the thirty days relevant here, or the alleged duty of respondents to mitigate any such loss.
In April, 1981, the plaintiffs brought separate civil actions in the circuit court seeking full back pay, benefits, attorney's fees and interest against Sheriff Miller, the successor sheriff to Sheriff Zimmerman. Brevard County was permitted to intervene in this action, and though initially denominated as a defendant, was later reclassified as an intervenor. The three cases by each of the deputy sheriffs were consolidated. The trial court ultimately entered judgment for the plaintiffs, holding they are entitled to back pay, interest, benefits and attorney's fees. Brevard County and Miller have appealed this judgment.
The appellants contend the plaintiffs are not entitled to any compensation other than that provided by the Brevard County Sheriff's Civil Service Act. We agree, based on our opinion in Szell v. Lamar, 414 So.2d 276 (Fla. 5th DCA 1982), wherein we said:
A sheriff is authorized to appoint deputies for whose acts he is responsible, to act in his stead. Section 30.07, Florida Statutes (1981). A deputy sheriff holds office by appointment, rather than by employment, and is thus an officer, rather than an employee. Murphy v. Mack, 358 So.2d 822 (Fla. 1978). The sheriff has absolute control over the selection and retention of deputies in order that law enforcement be centralized in the county, and in order that the people be able to place responsibility upon a particular officer for failure of law enforcement. *1107 Section 30.53, Florida Statutes (1981); Tanner v. McCall, 625 F.2d 1183 (5th Cir.1980); Blackburn v. Brorein, 70 So.2d 293 (Fla. 1954); Murphy, 358 So.2d at 825. Thus, a deputy sheriff has no property interest in his office and no constitutional due process protections when he is dismissed. Evans v. Hardcastle, 339 So.2d 1150 (Fla. 2d DCA 1976).
Id. at 277-78.
REVERSED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., JJ., concur.
DAUKSCH, J., dissents without opinion.
NOTES
[1] Section 17 of Chapter 67-1149 provides:

The sheriff may suspend or dismiss an employee for any just cause which, in his opinion, will promote the efficiency of the service. Notice of dismissal may be in the form of a thirty (30) day suspension without pay, the dismissal to take effect at the expiration of his suspension period. During the thirty (30) day period of notice, the deputy or employee must be given an opportunity for a hearing before the Board with all the rights and privileges accorded under this act. All papers filed in the case shall be public records. The Board may reinstate the person removed only in case it appears as a result of a proper hearing that the removal was made for reasons other than just cause. For disciplinary purposes, the sheriff may summarily suspend an employee for a reasonable period not exceeding thirty (30) days. Every such suspension shall be without pay; provided, however, that the Board shall have authority to investigate every such suspension, and if it is found that the sheriff acted in bad faith, it shall have power to restore pay to the employee for such suspended time.