492 So.2d 1169 (1986)
Karl WILKERSON, Appellant,
v.
Robert A. BUTTERWORTH, George Brescher, and Verne C. Thornton, Jr., Appellees.
No. 85-2405.
District Court of Appeal of Florida, Fourth District.
August 13, 1986.
*1170 Denis Dean, of Dean & Hartman, P.A., Miami, for appellant.
Richard A. Purdy, and Philip S. Shailer of Shailer, Purdy & Jolly, Fort Lauderdale, for appellees.
PER CURIAM.
This is an appeal by a deputy sheriff from his termination by another deputy sheriff, who had been designated as both "Colonel" and "Undersheriff" by the Sheriff of Broward County. The Sheriff's uncontroverted affidavit recited that the Undersheriff had the authority to terminate appellant and was authorized by the sheriff to act in his name, place and stead in all matters. The trial court could properly find that this uncontroverted recitation of fact controlled, notwithstanding disciplinary procedures which recited that except for oral reprimand and emergency suspension, all discipline was subject to the sheriff's approval.
We approve of Szell v. Lamar, 414 So.2d 276 (Fla. 5th DCA 1982), which provided:
A sheriff is authorized to appoint deputies for whose acts he is responsible, to act in his stead. Section 30.07, Florida Statutes (1981). A deputy sheriff holds office by appointment, rather than by employment, and is thus an officer, rather than an employee. Murphy v. Mack, 358 So.2d 822 (Fla. 1978). The sheriff has absolute control over the selection and retention of deputies in order that law enforcement be centralized in the county, and in order that the people be able to place responsibility upon a particular officer for failure of law enforcement. Section 30.53, Florida Statutes (1981); Tanner v. McCall, 625 F.2d 1183 (5th Cir.1980); Blackburn v. Brorein, 70 So.2d 293 (Fla. 1954); Murphy, 358 So.2d at 825. Thus, a deputy sheriff has no property interest in his office and no constitutional due process protections when he is dismissed. Evans v. Hardcastle, 339 So.2d 1150 (Fla. 2d DCA 1976). Neither does he acquire a contract right by virtue of a disciplinary procedure unilaterally adopted by the sheriff, which the sheriff may similarly modify or completely revoke at will.[3]
[3] Cf. Ison v. Zimmerman, 372 So.2d 431 (Fla. 1979), where the supreme court held that the enactment of a valid civil service law did not unconstitutionally restrict the duties of the office of sheriff. No civil service law is alleged to exist here. Zimmerman is thus inapposite.
Id. at 277-278.
Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957), involved a public employee, not an appointee.
Affirmed.
ANSTEAD, GLICKSTEIN and STONE, JJ., concur.