WIGGINTON, Judge.
Before us is an appeal from the final order of the Florida Public Employees Relations Commission adopting the hearing officer’s findings of fact, analysis, and conclusions of law, and holding that those persons employed by the Martin County Property Appraiser are appointed deputies of an elected constitutional officer and, therefore, are not public employees within the meaning of section 447.203(3), Florida Statutes (1985). We affirm.
In concluding that the Property Appraiser’s employees are not public employees, the Commission determined that it could not distinguish the authority bestowed upon those persons from that which the courts held to be sufficient to confer deputy status in Murphy v. Mack, 358 So.2d 822 (Fla.1978) (wherein the supreme court held that deputy sheriffs are not public employees), and Federation of Public Employees v. Public Employees Relations Commission, 478 So.2d 117 (Fla. 4th DCA 1985) (wherein it was held that the employees of the Clerk of the Circuit and County Courts of the Seventeenth Judicial Circuit of Bro-ward County were not public employees *244 insofar as they were appointed deputy clerks by the clerk pursuant to his statutory authority). Adopting language from the decision in Federation of Public Employees, we also conclude that the “ratio decidendi of [Murphy v. Mack] is entirely applicable” to the deputy property appraisers in the instant case. Id. at 118.
In arguing its point, appellant relies heavily on the fact that the Property Appraiser’s employees were not officially informed that their employment was as that of “deputy property appraisers,” they took no oath of office, and they also primarily exercise clerical duties. However, we agree with the Commission’s observation that the determinative factor “is that the Deputy Property Appraisers may perform any act required of the Property Appraiser and not that they actually exercise a plenary range of duties required of him.” As the hearing officer specifically found, the Property Appraiser’s employees have the authority to perform any ministerial act that the Property Appraiser can perform, and in fact have done so, and are aware that they can act for and on behalf of the Property Appraiser and that he is ultimately responsible for their actions.
By virtue of section 193.024, Florida Statutes, the Property Appraiser is empowered to appoint deputies to act on his behalf in carrying out the duties prescribed by law for that office. His employees for that purpose are his alter-ego. It would therefore be incongruous for the Property Appraiser to then assume a classic antagonistic position in collective bargaining situations with these same employees. Such would defeat the power and authority accorded this constitutional officer.
Accordingly, on the authority of Murphy v. Mack, we affirm the decision of the Commission.
BOOTH and ZEHMER, JJ., concur.