599 So.2d 1036 (1992)
The GREAT GLOBAL ASSURANCE COMPANY and Insbrook, Inc., Appellants,
v.
Scott SHOEMAKER and Mary Shoemaker, his wife, John Doe, Mary Doe, Alpha Corporation and Beta Corporation, jointly and severally, Appellees.
No. 90-3012.
District Court of Appeal of Florida, Fourth District.
May 13, 1992.
Rehearing and Rehearing Denied June 30, 1992.
*1037 Robert H. Schwartz of Gunther & Whitaker, P.A., Fort Lauderdale, for appellants.
Janis Brustares Keyser of Reid, Ricca & Rigell, P.A., West Palm Beach, for appellees.
Rehearing and Rehearing En Banc Denied June 30, 1992.
LETTS, Judge.
A sheriff's deputy was accidentally shot by a fellow officer during a detective's meeting. The question presented here is whether the injured deputy was covered by a comprehensive liability insurance policy issued to the sheriff's office. Both the deputy and the insurance company moved for summary judgment which was granted in favor of the former. We reverse.
The policy in question contained an exclusion which stated that the insurance did not apply to:
Any claims made by anyone related to their employment... by you.
The "you" referred to at the end of the sentence was defined as "the person or organization shown as the named insured in item one of the declarations." The Palm Beach County Sheriff's Office, alone, was listed as the named insured in item one of the declarations.
The insurance company argues that the language of the exclusion is clear and unambiguous. The plain meaning of the exclusion, it contends, prohibits any claim by "anyone related to their employment" with the Palm Beach County Sheriff's Office. Since the deputy is "anyone" and since he admitted in his complaint that he was shot by a fellow officer during the course of his employment, the insurance company concludes the plain meaning of the exclusion prohibits coverage.
In support of this proposition, the insurance company relies upon several cases including, Alexandra House, Inc. v. St. Paul Fire and Marine Ins. Co., 419 N.W.2d 506 (Minn. Ct. App. 1988). In that case, the insured, Alexandra House, Inc., a shelter for battered women, was sued by an employee for, among other things, defamation and willful intent to injure the employee in her employment. One provision of the insured's policy provided personal injury liability protection, for acts committed in the course of its business as a shelter for battered women. The provision covered libel and slander claims; however, it contained the following exclusion, "we won't cover claims made by anyone because of personal injury related to his or her employment or application for employment."
Relying upon the above exclusion, the Minnesota appellate court held that coverage was precluded. In so holding, the court reasoned:
Unless ambiguous, the language used in an insurance contract must be given its plain and ordinary meaning.
* * * * * *
We have reviewed the language used in [the exclusion] and find no ambiguity. Consequently, a court may not thrust liability upon [the insurer] which it did not contract for and for which it was not paid. The exclusion clause states that [the insurer] won't cover claims made by anyone because of personal injury related to his or her employment... . The policy states that [the insured] is covered only for defamation which it commits in the course of operating the shelter for battered women. Under the plain meaning of the exclusionary language, there is no coverage for alleged statements made by [the insured] in the course of its business which injure an employee in relation to his or her employment.
Id. at 509-510 (citations omitted). The exclusion in Alexandra House is virtually identical to the one in this case. As the *1038 Minnesota appellate court found, the language is clear and unambiguous.
The insurance company has not cited, and we have not found, a Florida case interpreting an exclusion exactly like the one here. Both parties have cited numerous cases involving what is known as an "employee exclusion." A standard employee exclusion excludes personal injury claims by any employee of the insured arising out of or in the course of his employment. Jones v. Thomas, 557 So.2d 1015, 1019 (La. Ct. App. 4th Cir.1990). The exclusion in this case precludes "any claims by anyone relating to their employment" with the Palm Beach County Sheriff's Office. Its wording is much broader than a standard employee exclusion. That being so, comparison to cases involving standard employee exclusions is inappropriate in determining whether the exclusion applies in this case.
Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810 (Fla. 1st DCA 1985), is the only Florida case cited by appellant which is instructive here. In Baron, a former employee brought suit against Baron, his former employer, for malicious prosecution after Baron filed a criminal grand theft charge. Baron had a general liability policy with Nationwide which provided coverage for damages due to personal injury arising out of malicious prosecution. However, Nationwide declined to defend and indemnify Baron based on the following exclusion:
This insurance does not apply ... to personal injury sustained by any person directly or indirectly related to the employment of such person by the named insured.
The question in Baron was whether Nationwide's duty to defend was to be judged by allegations in the original complaint or by the amended complaint. The original complaint did not allege that the malicious prosecution action arose out of the former employee's employment with Baron; thus the exclusion would not apply. However, the allegation was contained in the amended complaint. Nationwide based its refusal to defend upon the allegations in the amended complaint.
The First District held that Nationwide could not properly base its denial on allegations in the amended complaint. However, the importance of Baron for this case is that the First District expressly noted, "[o]n appeal [the insured] does not question the trial court's ruling that the actual facts as alleged in the [amended] complaint exclude coverage under the terms of [the exclusion]." Id. at 812.
The exclusion in Baron is worded similarly to the one here; it did not refer to "employees" or "the insured." As already noted, the trial court concluded that the exclusion applied to preclude coverage under the facts alleged and the insured did not challenge that on appeal. Thus, Baron implicitly supports a finding that the exclusion applies here to preclude coverage.
The deputy offers three reasons in support of the trial court's conclusion that the exclusion does not apply. First, he argues, in essence, that the exclusion is ambiguous and must be construed against its drafter. Second, he asserts that the exclusion is a standard employee exclusion which does not preclude a suit by him against the officer who shot him since he, the injured party, is not an employee of the officer. Last, the deputy claims that the exclusion does not preclude a suit against the sheriff's office because a deputy sheriff is not an employee of the sheriff's office, but rather of the county.
Regarding the deputy's first argument, its basic thrust is that the exclusion is ambiguous because it is not a standard "employee exclusion." That is, it excludes coverage for any claim made by "anyone relating to their employment" rather than for any claim made by "any employee of the insured relating to their employment." The fact that the insurance company chose to use the word "anyone" rather than the phrase "any employee" does not make the provision ambiguous. To the contrary, it suggests that the insurance company sought to encompass both employee and cross employee claims by using the catchall terms any claim and anyone.
*1039 The deputy further urges that the intent of the exclusion can be gleaned by examining the same exclusion in the excess policy which states that the exclusion applies to "any claims due to demotion, dismissal, failure to promote, or other employment relations with the insured." However, as the insurance company correctly points out in its reply brief, the deputy is quoting from a policy that was not in effect on the day of this incident. The applicable excess policy reads the same as the primary one at issue here.
We conclude that the exclusion is clear and unambiguous and must be enforced as written. Associated Elec. and Gas Ins. Services, Ltd. v. Houston Oil and Gas Co., 552 So.2d 1110 (Fla. 3d DCA 1989). Alternatively, the deputy argues, in contradiction to his first argument, that the exclusion is a standard employee exclusion and therefore it does not preclude a suit by him against the officer who shot him since he is not an employee of that officer. In Shelby Mut. Ins. Co. v. Schuitema, 183 So.2d 571 (Fla. 4th DCA 1966), cert. discharged, 193 So.2d 435 (Fla. 1967) and General Ins. Co. of America v. Reid, 216 So.2d 41 (Fla. 4th DCA 1968), cert. denied, 222 So.2d 752 (Fla. 1969), this court held that when a policy contains a severability of interest clause, as in this case, the effect of the clause is that when a claim is asserted against one who is an insured under the policy, then that person becomes "the insured" for the purpose of determining the insurer's obligation.
If this case involved a standard employee exclusion, as appellant argues, which excludes coverage to any employee of the insured, then the officer who shot the deputy, as an insured, would become the insured and the exclusion would not apply since the deputy is not his employee. However, the flaw in this reasoning is that the exclusion in this case is not a standard employee exclusion.
The deputy's final argument for upholding the trial court's ruling is that the exclusion does not preclude a suit by him against the Palm Beach County Sheriff's Office because he is not an employee of the Sheriff's Office.
To support this view, appellant relies on Parker v. Hill, 72 So.2d 820 (Fla. 1954), wherein the supreme court noted that deputy sheriffs are employees of the county rather than the Sheriff's Office. See also Murphy v. Mack, 358 So.2d 822 (Fla. 1978); Wilkerson v. Butterworth, 492 So.2d 1169 (Fla. 4th DCA 1986). However, even though the Parker court noted that deputy sheriffs were not employees, it held that they did come under the purview of the Workers' Compensation Act as officers elected at the polls.
The deputy argues that since he holds office by appointment rather than employment, his claim cannot be related to his employment with the Sheriff's Office and therefore the exclusion does not apply. The insurance company responds that his view is directly contrary to the allegations in his complaint that "he was shot by Roger Smith while Roger Smith was in the course and scope of his employment with the Palm Beach County Sheriff's Office," and that his damages resulted from being "shot by a coemployee of the Palm Beach County Sheriff's Office."
Even though Parker and other cases hold that a deputy sheriff is technically not an "employee" because he serves by appointment, the cases do not support the conclusion that his service is not employment. Black's Law Dictionary 471 (5th ed. 1979) defines "employment" as an "[a]ct of employing ...; that which consumes time or attention; also an occupation, profession, trade, post or business." The Palm Beach County Sheriff's Office clearly employs the deputy's services, and he is certainly engaged in an occupation. Although he may not be characterized as an employee, his services will be characterized as employment for purposes of this case.
REVERSED.
WARNER, J., concurs.
FARMER, J., dissents with opinion.
*1040 FARMER, Judge, dissenting.
The majority reads the words, "claims made by anyone related to their employment by you," as though they mean the same thing as "claims made by anyone employed by you." I cannot agree with that reading. It amounts to a rewriting of the actual text. Indeed, as the court concedes, there is a standard "employee exclusion", well recognized in the Florida cases, which would achieve the result sought by the carrier. The absence of such a standard provision from the policy implies very strongly to me that this exclusion was not intended to replace the standard "employee exclusion" but was designed instead to exclude another kind of claim.
As drafted, it obviously was meant to exclude coverage for employment discrimination claims, e.g., claims arising under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Age Discrimination in Employment Act or the Florida Human Rights Act of 1977. The actual language used does not reasonably suggest an intent to exclude claims for physical or bodily injury suffered by an officer while engaged in the performance of his duties for the Sheriff and caused by the negligence of another officer.
To the extent that this exclusion is capable of being read both ways, it is unavoidably ambiguous. We are thus obliged to apply the well established rule that ambiguities in an insurance contract are construed against the carrier who selected the language and in favor of the insured. In failing to do that kind of construction of the policy text, the court is in conflict with a substantial body of Florida decisional law.
I therefore dissent.[1]
NOTES
[1] I do agree with the court's conclusion, however, that plaintiff is an employee of the "named insured." The declarations page of the policy shows the named insured as "Palm Beach County Sheriff's Office." However he came to work for that office, he is its employee.