ON MOTIONS FOR REHEARING AND TO STAY PROCEEDINGS

W. SHARP, J.
The parties’ motions for rehearing are granted. The opinion issued in this case on June 30, 2000, is withdrawn, and the following opinion is substituted.
Phillip B. Williams, the Sheriff of Bre-vard County, seeks a writ of prohibition from this court to bar further proceedings before the Public Employees Relations Commission (PERC) regarding the efforts of Coastal Florida Police Benevolent Association, Inc. (CFPBA) to seek certification as the exclusive collective bargaining agent for employees of the Brevard County Sheriffs Office (deputy sheriffs in the position of deputy, field training officer, corporal and sergeant). We deny the writ but stay the proceedings below and certify the question as being of great public importance.
In the proceedings below, PERC determined that Service Employees International, Union Local 16, AFL-CIO v. Public Employees Relations Comm., 752 So.2d 569 (Fla.2000), had overturned the “vitality” of the court’s previous holding in Murphy v. Mack, 358 So.2d 822 (Fla.1978), and it ordered a hearing to determine issues regarding representation and unit determination. PERC also ordered the sheriff to identify each employee and job classification where PERC seeks to include such employees or job classifications that the sheriff contends should be excluded from the proposed unit because they are managerial or confidential.
Based on the Murphy case, the sheriff filed a petition for writ of prohibition in this court. In that case, the Florida Supreme Court, through Justice Karl, held that a deputy sheriff is not a public employee for purposes of chapter 447, and as a group, they are not entitled to collective bargaining rights. The court relied on historical views of the role of a deputy sheriff, and emphasized the view that a deputy sheriff is appointed not employed, *909 and in such a process the deputy shares the sovereign powers of the sheriff. Based on the Murphy case, courts have denied deputy sheriffs other rights and privileges accorded to public employees. See Brevard County v. Miller, 452 So.2d 1104 (Fla. 5th DCA 1984), rev. denied, 459 So.2d 1042 (Fla.1984); Brevard County Police Benevolent Ass’n v. Brevard County Sheriffs Dep’t, 416 So.2d 20 (Fla. 1st DCA 1982); Szell v. Lamar, 414 So.2d 276 (Fla. 5th DCA 1982).
In Service Employees, the Florida Supreme Court took another look at the Murphy case. It said that the name “deputy” and the fact of “appointment” were meaningless distinctions in determining whether a person is entitled to collective bargaining rights under chapter 447. Rather, the statute sets forth two basic categories of persons who work for the public — the ordinary ones and the managerial ones. Only the managerial ones are not public employees for purposes of rights to collective bargaining.
Under the statute, the managerial employees perform jobs that are “not of a routine, clerical or ministerial nature,” and the job requires the exercise of independent judgment in the performance of the job. § 447.203(4)(a), Fla. Stat. Among those kinds of managerial employees expressly mentioned by the statute are “police chiefs, fire chiefs, or directors of public safety of any police, fire or public safety department.” But the statute also says: “Other police officers, as defined in section 943.10(1), may be determined by the commission to be managerial employees of such departments. In making such determinations, the commission shall consider in addition to the criteria established in paragraph (a), the paramilitary organizational structure of the department involved.”
Section 943.10(1) references a very broad category of officers:
[A]ny person who is elected, appointed or employed full time by any municipality or the state or any political subdivision thereof, who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic or highway laws of the state....
In reading these statutes together, it appears PERC has the power and discretion to determine that some law enforcement officers are managerial, and some are not — based on their jobs and other criteria in the statute. Therefore, some may be entitled to collective bargaining rights under the statute. This determination can only be made after it becomes clear what the actual job descriptions, duties and responsibilities are for the persons in the proposed bargaining unit. In Service Employees, the record did not disclose the nature of the clerk’s duties under consideration, and the court returned the case to PERC to determine whether the clerk worked as an employee in the ordinary sense of the word or as a managerial level employee.
We think the Service Employees case has substantially eroded the rationale of the Murphy case, but we are concerned that we may be in error in our reading of Service Employees. Since this is a case of great public importance and there are several similar cases pending before PERC, we certify to the Florida Supreme Court the following question:
ARE DEPUTY SHERIFFS CATEGORICALLY EXCLUDED FROM HAYING COLLECTIVE BARGAINING RIGHTS UNDER CHAPTER 447?
We therefore deny the writ, but grant the stay of the proceedings below to enable the parties to seek review in the Florida Supreme Court.
Petition for Writ of Prohibition DENIED.
GRIFFIN, J., concurs.
DAUKSCH, J., dissents with opinion.