HARDY, Judge.
This is a suit for benefits under a health and accident policy issued by defendant, and defendant appeals from a judgment in favor of plaintiff.
The particular claim which is here asserted comprehends expenses of hospitalization from date of August 31, 1954, to November 27, 1954, which expenses were incurred by reason of hospital and medical attention accorded the minor daughter of plaintiff. The defense is based upon a provision of the policy under “Limitations and Exclusions”, which reads in part as follows :
“Any loss or disability resulting wholly or partly in or from * * * cancer * * * shall be covered only if the cause thereof originates after this policy has been in continuous force for the preceding six months * *
The Chronological history of the illness and hospitalization of defendant’s daughter, Mary Ellen Bailey, with relation to the above noted provision of the policy may be set forth as follows:
1. Effective date of issuance of policy, December 14, 1953.
2. Accidental injury to arm incurred by Mary Ellen Bailey at school on March 15, 1954.
3. Consultations with doctors, with relation to the injury, March 30th, May 18th, 29th, and June 8, 1954.
4. Removal of tumor, June 15, 1954.
5. Report on biopsy, June 17, 1954.
6. Surgical operation for amputation of arm performed June 17, 1954.
7. Patient discharged from Schumpert Sanitarium, Shreveport, Louisiana, June 21, 1954.
8. Patient re-admitted to Schumpert Sanitarium August 23rd and discharged August 27, 1954, under diagnosis of and treatment for acute cystitis.
9. Patient re-admitted to Schumpert Sanitarium under diagnosis of poliomyelitis, August 31, 1954.
10. Condition of patient after laboratory tests diagnosed as cancer, September 13, 1954.
11. Treatment of patient for poliomyelitis discontinued and treatment for cancerous recurrence and metastasis undertaken September 14, 1954.
12. Patient transferred to Minden Sanitarium, Minden, Louisiana, from Schum- *303 pert Sanitarium, Shreveport, Louisiana, on October 6, 1954.
13. Patient died November 27, 1954.
Plaintiff seeks to recover hospitalization and medical expenses incurred from date of August 31st to date of his daughter’s death, November 27, 1954.
In our opinion the facts involved have been preponderantly established, namely, that it was determined by the report of a bioscopic examination on June 17, 1954 that Mary Ellen Bailey was suffering from a sarcoma, which had developed at an indeterminate time, but one which clearly antedated the examination by a period of weeks or months.
It is also established that Mary Ellen Bailey was admitted to the Schumpert Sanitarium on August 31, 1954 under a diagnosis of poliomyelitis or post-polio complications, and was treated for this disease until September 14th, at which time a diagnosis of cancer, having beén established and confirmed, the treatments being inconsistent, the patient was relieved from further remedial polio treatments and subjected to treatment for her acute cancerous development.
Under these facts there can be no question but that the loss, that is, the in-currence of hospital and medical expenses for treatment of plaintiff’s decedent daughter resulted from cancer, which pre-existed the limitation of loss provisions under defendant’s policy as above quoted.
However, the facts of the instant case are complicated by reason of the hospitalization of Mary Ellen Bailey on August 31, 1954 under a diagnosis of poliomyelitis, which diagnosis, we think, has been established in the instant case. Therefore, it follows that the hospitalization and medical treatment of Mary Ellen Bailey from August 31st until September 13th was one which, under the terms of the policy, constituted a loss to the insured. After September 13th the record is equally conclusive on the point that Mary Ellen Bailey was treated for a cancerous condition which had its inception prior to the six months’ limitation period incorporated in the policy, and which, therefore, was not compensable by the insurer
It is true, as contended by zealous counsel for plaintiff, that defendant has not proven the definite date of inception of the cancer from which the decedent suffered, but we think it is indisputable that defendant has proved the existence of the cancer prior to the six months’ limitation date of ' the policy!
A considerable portion of the record in this case is devoted to the attempt to prove the bad faith of this defendant in the negotiations with, plaintiff with reference to this claim, but we are not impressed with this position. In fact, it is clear to us that defendant compensated plaintiff under the terms of the policy for hospitalization arising from the accidental injury of March 15th when there was at least a serious question as to its liability therefor. It follows that counsel’s sincere and insistent argument with respect to the liability of defendant for penalties in the instant case is without foundation.
In our opinion the consistent conclusion of the existence of cancer dates back beyond the effective date of the policy, June 14, 1954, and, if this contention constitutes plaintiff’s only claim for recovery, it should properly be rejected. However, the admission of Mary Ellen Bailey to the Schumpert Sanitarium on August 31, 1954, under the diagnosis of poliomyelitis, or post-polio complications, cannot be disregarded, and, from this date, until the conclusive finding of cancer as the cause of her condition on September 13, 1954, represents a period for which plaintiff should be compensated under the policy.
We have found some difficulty in the attempt to reconcile the statements of the Schumpert Sanitarium from date of August ■31, 1954 to September 13, 1954, inclusive, with the items, of recovery which are specifically permitted under the policy, but have reached the conclusion that the policy provisions limit plaintiff to recovery, under *304 the statements incorporated in the record, to the total sum of $127.55.
We do not think, under the circumstances of the case, that plaintiff is entitled to any recovery aside from the period between August 31st and September 13, 1954.
For the reasons assigned the judgment appealed from is amended by reducing the amount awarded plaintiff against this defendant to the principal sum of $127.55, and as amended it is affirmed at appellant’s cost.