DANAHY, Judge.
Appellant challenges a summary final judgment against her in her effort to obtain insurance benefits under policies of medical insurance issued by appellee. She argues that there is a genuine issue of fact as to whether the condition for which she incurred medical and hospital expenses had manifested itself prior to the effective date of the policies. We agree, and reverse.
Both policies of insurance issued by ap-pellee define “sickness” as a condition first manifested after the effective date of the policy and while the policy is in force. The effective date of coverage was March 28, 1979. It is undisputed that on that date and for almost a year previously, appellant had been experiencing increased menstrual flow which had become quite frequent and heavy; however, appellant, who was forty years of age, thought her menstrual periods to be regular and the change possibly caused by the fact that she had changed jobs and was doing different work.
About twelve days after the effective date of the policies, appellant made an appointment with Dr. Richard O’Leary, a specialist in obstetrics and gynecology. She *439 said she went for a check-up and a Pap test, but Dr. O’Leary thought she consulted him specifically about her heavy menstrual bleeding. Dr. O’Leary conceded that this condition, known medically as menorrhagia, could have been hormonal bleeding in a woman of appellant’s age group.
On the basis of his examination and tests, Dr. O’Leary prescribed diagnostic procedures, which were performed and led to the discovery of a tumor later removed by surgery. Appellee denied coverage for the expenses thus incurred by appellant on the ground that the tumor had manifested itself prior to the effective date of coverage by the heavy and frequent menstrual flow. The trial judge agreed with appellee as a matter of law. We think that the question is one which should be determined by a jury in the light of all the circumstances of this particular case.
REVERSED AND REMANDED for further proceedings not inconsistent with this opinion.
GRIMES, A. C. J., and OTT, J., concur.