482 So.2d 435 (1985)
AMERICAN SUN LIFE INSURANCE COMPANY, Appellant,
v.
Vivian Irene REMIG, Etc., Appellee.
No. 84-1442.
District Court of Appeal of Florida, Fifth District.
December 26, 1985.
Rehearing Denied February 13, 1986.
Gail L. Golda of Gurney & Handley, P.A., Orlando, for appellant.
Stephanie M. Zorie of Law Offices of Nolan Carter, P.A., Orlando, for appellee.
GOSHORN, G.S., Associate Judge,
American Sun Life Insurance Company ("American") appeals a final judgment awarding Vivian Remig, individually and as personal representative of the estate of her deceased husband, Donald Remig, medical *436 benefits under an insurance policy issued by American. American argues that Remig's medical expenses were the result of a pre-existing condition which was excluded under the terms of the policy. We disagree and affirm.
On June 28, 1982, Donald Remig applied for an insurance policy from American. The policy was issued July 2, 1982. On August 19, 1982, Remig was admitted to the hospital and four days later was diagnosed as having cancer of the colon. Remig filed a claim for medical expenses with American. The claim was denied. Remig then filed suit against American alleging that he was entitled to hospitalization and medical benefits under the policy. American defended on the basis that the medical expenses were the result of a pre-existing condition which had manifested itself prior to the effective date of the policy and thus were excluded from coverage. The insurance policy issued to Remig provides:
PRE-EXISTING CONDITIONS: Loss due to any condition that manifested itself prior to the effective date of coverage shall be payable after two years from the policy effective date.
Thus, the case turns upon the definition of "manifest."
American contends that an illness "manifests itself" when it is diagnosable, relying on this court's opinion in Preferred Risk Life Insurance Company v. Sandi, 421 So.2d 566 (Fla. 5th DCA 1982). This reliance is misplaced. In Preferred Risk, as distinguished from the instant case, the symptoms were clearly present prior to the application for the insurance policy. We reject American's contention and adopt the following definition of "manifest" in cases where the condition has not been diagnosed by a physician:
A condition, not otherwise diagnosed, is manifest when the insured knew or should have known of the existence of his illness because he was experiencing symptoms that would lead a reasonable person to seek a medical diagnosis.
Here, the jury found that Remig's illness had not manifested itself prior to the effective date of the policy. The evidence at trial showed that prior to July 2, 1982, Remig weighed between 200 and 220 pounds. He had diabetes but kept it under control by eating properly and taking insulin. Remig had a tendency to fluctuate in weight between 10 and 12 pounds, which the Remigs attributed to the diabetic condition. Vivian Remig testified that her husband had not complained of any health problems nor had she noticed any of the symptoms associated with colon cancer.[1] The business manager of the store where Remig was employed full time testified that he had not noticed any material weight loss in Remig prior to July 2, 1982 nor had he observed or heard Remig complain of any of the other warning signals of colon cancer. Remig's treating physician testified that the history given by Remig in August of 1982 was consistent with colon cancer and any number of other illnesses, including diabetes.
Since there was substantial competent evidence to support the jury's decision, the final judgment awarding the amount of the insurance policies to Vivian Remig is affirmed.
AFFIRMED.
COBB, C.J., and UPCHURCH, J., concur.
NOTES
[1] Symptoms of colon cancer include abdominal pain, bloody or dark stools, vomiting, cramping, bleeding, palpable masses, change in bowel habits, severe loss of appetite or anorexia, anemia or extreme tiredness.