WARNER, Judge.
The insureds, Robert and Antoinette Kirchstein, appeal a final judgment rendered in favor of Kentucky Central Life Insurance Company denying benefits under a group health insurance policy for medical expenses on the ground that they were incurred in connection with a preexisting sickness. The issue presented is whether medical expenses incurred as a result of an *1191 erroneous diagnosis are recoverable under an insurance policy when, had the diagnosis been correct, the actual treatment would not have been covered under the preexisting condition exclusion in the policy. We hold that they are not and affirm the trial court.
Upon a change of employment appellants instituted coverage for themselves under appellee’s insurance contract. That policy excluded coverage for medical expenses and hospitalization for preexisting injuries or sicknesses which were diagnosed or treated in any manner within 90 days of appellants becoming insured under the policy. For such preexisting conditions the insured would not become covered until after 12 months of continuous coverage. The policy further defined sickness to include “all complications arising therefrom and reoccurrences thereof.”
Within the ninety day period prior to the effective date of the policy, Mrs. Kirchstein received treatment for a breast abscess. Several months later, Mrs. Kirchstein again sought treatment for this condition. After a routine chest x-ray, her doctors noted abnormal findings in the lung and became concerned about the presence of cancer. Several other tests were made, and surgery was performed which revealed no cancer. Instead, the final diagnosis was a post-inflammatory process caused by the same infection which was present in the breast abscess.
Appellants sought recovery for all of their medical expenses, and appellees denied coverage claiming that the treatment was for a preexisting condition and therefore excluded. The trial court found in her final judgment that the same infection which caused the breast abscess also caused the lung inflammation which was incorrectly diagnosed as possible cancer. Therefore, under the policy definition the infection was a complication or reoccur-rence of a preexisting condition.
On appeal, appellants accept the trial court’s finding that the condition for which recovery is sought was a continuation of the same infection — in other words, a preexisting condition. They claim, however, that they are entitled to recover the expenses because it was believed at the time the expenses were incurred that they were compensable due to the incorrect diagnosis of cancer.
Appellants acknowledge that there are no Florida cases directly on point and rely on Bailey v. National Bankers Life Ins. Co., 85 So.2d 301 (La., 2d Cir.1956), as standing for the proposition that expenses may be recovered for an incorrect diagnosis even when the correct diagnosis may not be covered under the policy. However, we think appellants misread Bailey. In Bailey, the medical policy excluded coverage for cancer arising during the first six months of the policy. The insured’s daughter began consultations with doctors regarding a tumor on her arm within the six month period. The child was subsequently diagnosed as having polio, which diagnosis the appellate court concluded “has been established.” Bailey at 303. We take that to mean that the child also had polio. Cancer was subsequently diagnosed, and her polio treatment was discontinued so cancer treatment could begin. The court permitted recovery under the policy for the polio treatment but for no other expenses. Thus, there was no incorrect diagnosis in Bailey. There were two diagnoses of two different sicknesses suffered by the child, but only one was compensable under the policy. Therefore, Bailey is no help to appellants.
The case of Skroopka v. Royal Indemnity Co., 132 Cal.App.2d Supp. 910, 283 P.2d 111 (1955) is more on point. There the insured had suffered with painful breast lumps for years. Shortly after the insurance policy went into effect, the insured was again seen for this same problem. This time, however, her doctor recommended and then performed surgery for the purpose of ascertaining whether or not cancer was present. The question posed by the insured was “if a qualified surgeon recommends surgery for a condition or illness which he in good faith believes to exist, does the fact that such ailment is ruled out by surgery bar an insured from recovering under a policy of insurance” ... as was present in that case. Skroopka 283 P.2d at 113. The court denied recovery, *1192 holding that where the policy terms are plain and explicit, the courts cannot engage in a forced construction “to cast liability on an insurer which it has not assumed.” Skroopka at 114. This is in accord with Florida law. See Midwest Mutual Ins. Co. v. Santiesteban, 287 So.2d 665 (Fla.1973); Goldsby v. Gulf Ins., 117 Fla. 889, 158 So. 502 (1935); American Casualty Co. v. Fernandez, 490 So.2d 1340 (Fla.3d DCA 1986).
Applying these holdings to the instant case, the “sickness” for which Mrs. Kirch-stein received treatment was an excluded condition under the policy because the definition of sickness included all complications arising therefrom or reoccurrences thereof. Although the infection first affected her breast and then affected her lung, it is but another manifestation of the same disease process. That the doctor may have incorrectly diagnosed the “sickness” does not change the fact that the condition for which she received treatment was a preexisting condition under the terms of this policy, and coverage was therefore excluded.
Affirmed.
GLICKSTEIN, J., concurs.
WALDEN, J., dissents, without opinion.