648 So.2d 237 (1994)
LIFE GENERAL SECURITY INSURANCE COMPANY, Appellant,
v.
Linda J. COOK, Appellee.
No. 93-2182.
District Court of Appeal of Florida, Fourth District.
December 28, 1994.
*238 Thomas J. Morgan of Thomas J. Morgan, P.A., Miami Beach, for appellant.
R. Fred Lewis of Magill & Lewis, P.A., Miami, and Lawrence P. Kuvin of Weaver, Kuvin, Weaver & Lipton, P.A., Ft. Lauderdale, for appellee.
KLEIN, Judge.
A health insurer appeals a judgment determining that the insured had coverage for Crohn's disease, arguing that this was a pre-existing condition which is excluded from coverage. Because it is undisputed that the insured was being treated for the symptoms of Crohn's disease prior to this policy taking effect, although that specific diagnosis had not yet been reached, we agree that the policy excludes coverage and reverse.
The appellee became insured under the policy, by virtue of her new employment, on October 15, 1990, but an exclusion provided:
No payment shall be made for Covered Expenses for an Accidental Bodily Injury or Sickness caused by, contributed to by, or resulting from a pre-existing condition. A pre-existing condition means any condition for which symptom(s) were evident or for which the Insured Person received medical advice or treatment during the six (twelve under the Co-Op Plan) month period prior to the Insured Person's effective date of medical care coverage for such condition under this policy.
The insured started seeing a physician in August of 1990, before this policy became effective, for abdominal pain and diarrhea, and the doctor's initial diagnosis was gastritis. After seeing him several times through November, the insured went to a gastroenterologist who diagnosed Crohn's disease in December.
The insurer denied coverage for the treatment of Crohn's disease on the ground it was a pre-existing condition, and the insured filed this suit. The trial court submitted the case to the jury, which found that the Crohn's disease was not a pre-existing condition. The insurer appeals arguing that it is entitled to a directed verdict based on the exclusion.
Dr. Johnson, the internist whom the insured first consulted in August, testified that he arrived at a "working diagnosis" of gastritis, based on the history and symptoms of the insured, and that these symptoms could have resulted from a number of different causes. The medication he prescribed helped, but insured was still having mild symptoms when he saw her in September. In November, after the issuance of the policy, she still had the same symptoms. It was not until December, when the insured went to Dr. Rosenthal, a gastroenterologist, that Crohn's disease was diagnosed. Dr. Johnson further testified that within a reasonable medical probability the symptoms he saw her for in August and September, prior to the issuance of the policy, were symptoms of Crohn's disease.
Like Dr. Johnson, Dr. Rosenthal testified that within reasonable medical probability the insured's symptoms prior to issuance of the policy in September were symptoms of Crohn's disease. Prior to determining that the insured had Crohn's disease, Dr. Rosenthal had also labelled her condition "gastritis", a "global" term meaning inflammation of the stomach, which can be caused by numerous diseases. It was not until he hospitalized her and had tests performed that he suspected Crohn's disease. One of the tests done in the hospital, a colonoscopy, caused him to become suspicious that it was Crohn's disease. However, a small bowel series, which is a more accurate test, did not reveal it. *239 After a CAT scan, the most accurate diagnostic tool for gastrointestinal disorders, Dr. Rosenthal was satisfied that it was Crohn's disease.
The insured testified that from August, when she first saw Dr. Johnson, until December, when Crohn's disease was diagnosed, she had the same symptoms in varying degrees. Although there were periods when she felt better, she was not symptom free for more than two weeks. She presented no evidence that the symptoms she was being treated for prior to the issuance of the policy were not symptoms of the same condition which was subsequently diagnosed as Crohn's disease.
The insured's position is that she was not diagnosed for Crohn's disease until after the policy became effective, and that Crohn's disease was not, therefore, a pre-existing condition. Her policy, however, excludes coverage for "any condition for which symptoms were evident or for which the Insured Person received medical advice or treatment" in the six months prior to the effective date of the policy. There is nothing in the policy which would require an accurate diagnosis. Nor has the insured cited any authority to support her argument.
The two cases on which she relies, Daniel v. Orange State Life Ins. Co., 403 So.2d 438 (Fla. 2d DCA 1981) and American Sun Life Ins. Co., v. Remig, 482 So.2d 435 (Fla. 5th DCA 1986), are distinguishable. In Daniel, the insured had not seen a physician prior to the policy becoming effective, and there was an issue of fact as to whether a tumor discovered after the policy's effective date had "manifested itself" by virtue of the insured's heavy menstrual flow during the year prior to the issuance of the policy. In Remig, the insured was diagnosed with colon cancer six weeks after the policy was issued, but had no symptoms or treatment prior to the effective date of the policy. In the present case, the insured was treated for a pre-existing condition, and the evidence was undisputed that the pre-existing symptoms were caused by the same condition for which she was seeking coverage.
The insurer relies on Kirchstein v. Kentucky Central Life Insurance Company, 556 So.2d 1190, 1192 (Fla. 4th DCA 1990), in which the insured had been treated for a breast abscess prior to her health insurance policy becoming effective. After the policy went into effect she sought further treatment for the same condition, however, her doctors then suspected she had cancer, and they performed a number of other tests and surgery which revealed no cancer. The final diagnosis was inflammation caused by the previously existing breast abscess. In rejecting the insured's argument that the expenses resulting from the erroneous diagnosis of cancer were not excluded as a pre-existing condition, this court stated:
That the doctor may have incorrectly diagnosed the "sickness" does not change the fact that the condition for which she received treatment was a preexisting condition under the terms of this policy, and coverage was therefore excluded.
A number of courts in other jurisdictions have also held that an accurate diagnosis is not required to exclude a pre-existing condition. They are collected in Mogil v. California Physicians Corp., 218 Cal. App.3d 1030, 267 Cal. Rptr. 487, 491 (1990), and Fischman v. Blue Cross & Blue Shield of Conn. Inc., 775 F. Supp. 513 (D.Conn. 1991).
Because there was no evidence that the symptoms for which the insured sought treatment prior to the issuance of the policy were caused by anything other than the condition for which she seeks coverage, the trial court should have granted the insurer's motion for directed verdict. We therefore reverse for entry of judgment in favor of the insurer.
HERSEY and STONE, JJ., concur.