STONE, Judge.
We reverse a final judgment entered in favor of the insured, Peloquin, against the insurer, United of Omaha, for wrongfully denying her benefits for treatment of a medical condition, endometriosis of the colon. The insurer denied payment for the treatment, as not covered under the terms of its group policy, because the insured was receiving medical care for the condition at the time she applied for the policy. After denying cross motions for summary judgment, the court conducted a final hearing at which no evidence was presented by either side, both relying on the depositions and affidavits of record.
The policy contains a pre-existing conditions rider which defines a preexisting condition as:
a condition for which treatment or service were [sic] received or prescribed drugs or medicines were taken within 180 days pri- or to the date the person was insured under this Master policy ...
¾: * ⅜ ⅜ ⅜ *
All related conditions shall be considered to be one injury or sickness.
In the “definitions” portion of the policy, the term “sickness” is defined as:
a disease, disorder or condition (including complications of pregnancy) which requires treatment by a physician....
*1070 By her signature on the application, Peloquin agreed that she understood the following:
This (policy/certificate) has a preexisting condition limitation and if a physician has provided treatment or recommended treatment for any injury or illness or other condition within the six-month period prior to issuance of the (policy/certificate) for which I am applying, no coverage will be provided for that illness or injury or other condition until six months after the (policy/certificate) has been issued.
The depositions and affidavits reflect that the insured was being treated in June of 1990 for severe abdominal pain, the cause of which was, at that time, unknown. She was referred to a specialist and a colonoscopy was performed in August leading to a September surgery and biopsy which revealed that the problem was an obstruction caused by the endometriosis. The medical testimony is un-refuted that the abdominal pain for which the insured was being treated prior to applying for the policy was caused by the endome-triosis condition first diagnosed after the policy was in effect.
In Life General Security Ins. Co. v. Cook, 648 So.2d 237 (Fla. 4th DCA 1994), a case not available to the trial court, we recognized that a similar policy exclusion precluded coverage where the insured was being treated for a previously undiagnosed illness and the evidence was undisputed that the preexisting symptoms for which treatment was being sought were caused by the illness for which the insured was seeking coverage. We recognize that the policy at issue in Cook defined pre-existing conditions to include any conditions for which symptoms were evident. However, we do not consider this distinction to be significant, as the policy in the instant case included in its definition of pre-existing condition all conditions related to those for which treatment was previously sought.
The insured has failed to demonstrate that she is entitled to benefits under the policy. We understand the trial court’s reluctance to deny coverage based on a condition as common as abdominal pain. However, the insured points to no evidence that the pain for which she was being treated might have been related to any condition other than that finally diagnosed, albeit after the coverage commenced. The unrefuted testimony is that the endometriosis condition was present at all relevant times and was the cause of the pain for which she was receiving ongoing treatment and diagnosis at the time of her application.
The trial court apparently resolved this issue through a de novo review. Appellee asserts that since the group policy is governed by the Employee Retirement Income Security Act (ERISA) Sec. 402(b)(3), the issue should have been whether there was an abuse of discretion by the plan administrator; in this case the insurer. However, there is no indication that the trial court considered, or was asked to consider, the denial of this claim on any basis other than by interpreting the policy and applying the stipulated facts on the merits of the insured’s claim. Therefore, we have reviewed the trial court decision on the basis presented to it, without deciding whether, in similar cases the coverage issue should be resolved by finding whether the administrator’s decision was arbitrary.
Therefore, the final judgment is reversed.
PARIENTE, J, and BROWN, LUCY, Associate Judge, concur.