STONE, J.
We affirm a summary final judgment entered in favor of the insurer under a health care policy. The trial court correctly concluded that the policy’s pre-existing conditions exclusion entitled Life & Health of America (“Life & Health”) to deny coverage of the claim in question.
Harold Green (“the decedent”) sued Life & Health, seeking reimbursement for home care benefits that would have been covered by his insurance policy, but for the exclusion. He died shortly thereafter, and his personal representative was substituted as a party.
The decedent applied for the policy on March 16, 1991. In response to a question asking whether he had been told he had “kidney failure” or “chronic obstructive lung disease” in the past five years, the decedent answered “no.” The policy went into effect March 22, 1991. It contains a pre-existing condition limitation, which states:
A “Pre-Existing Condition” is a condition for which medical advice or treatment was advised by or received from a Physician within a 5 year period ..., immediately prior to the Insured Person’s Effective Date of Coverage.
Losses due to Pre Existing Conditions will be covered if they begin after the Insured Person’s coverage has been in *951 effect for 6 months if listed in the application; otherwise after two years subject to the Company’s defenses for fraud,
(emphasis added) In addition, the policy includes the following general provisions:
ENTIRE CONTRACT: ... This Policy, including any attached papers, constitutes the entire contract.
TIME LIMIT ON CERTAIN DEFENSES: (a) After 2 years from the Effective Date no misstatements, except fraudulent ones, made by the applicant shall be used to void the Policy or deny a claim beginning after the end of the 2 year period, (b) No claim for loss incurred beginning after 2 years ... from the Effective Date shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the Effective Date.
The policy also includes a “care at home benefit,” which covers the cost of necessary home care.[1]
On April 4, 1992, the decedent was diagnosed with renal failure and related illnesses and ordered to receive dialysis. On May 15, 1992, the decedent filed a claim with Life & Health, seeking coverage from the care at home benefit. On October 19, 1992, Life & Health denied his claim and attempted to rescind the policy. Life & Health had discovered that the decedent received treatment and diagnoses for kidney failure in March 1991, April 1990, March 1989, and May 1988. In a letter to the decedent, Life & Health stated that the policy was being rescinded because the decedent had made misstatements on his application. It also pointed out the policy’s pre-existing condition limitation.
Life & Health initially moved for summary judgment on the ground that the decedent had misstated on his application that he did not suffer from chronic renal failure or chronic obstructive pulmonary disease. The trial court granted that motion, and this court affirmed.[2] There was evidence that although the decedent knew he had kidney and bronchitis problems, he did not know they amounted to kidney failure and chronic obstructive pulmonary disease. Thus, the supreme court quashed this court’s decision, finding the decedent’s answers were not misstatements within the meaning of section 627.409, Florida Statutes, in light of the application’s wording requiring that he answer to the best of his “knowledge and belief.” It ordered that the summary judgment in favor of Life & Health be reversed.[3]
On remand, Life & Health moved for summary judgment, on an entirely separate ground, this time arguing that the policy did not provide coverage for benefits claimed by the decedent because he had a pre-existing condition specifically excluded by the pre-existing conditions provision.
The trial court correctly entered summary judgment on the undisputed facts and policy provision, finding that the condition for which benefits were sought was a pre-existing condition that was excluded under the policy. The decedent’s loss occurred before the expiration of the two-year incontestability period. The company was entitled to deny coverage for the loss, as it was due to an undisclosed pre-existing condition and occurred within the two-year limitation. The significant date in this regard is when the loss occurred. See North Miami Gen. Hosp. v. Central Nat’l Life Ins. Co., 419 So.2d 800, 802 (Fla. 3d DCA 1982).
Green argues that Life & Health is barred from denying coverage for the decedent’s 1992 kidney failure since it failed to initiate litigation within two years of the *952 policy’s start date. However, we conclude that the trial court correctly reasoned that the requirement to initiate litigation within two years applies to the insurance company’s attempt to void a policy for misstatements in the application. Life & Health’s denial of coverage for the kidney failure claim is timely, regardless of whether litigation was initiated within the two-year period, as the decedent’s condition preceded the policy’s inception date and the claimed loss occurred within two years of policy inception.
Green further argues that Life & Health had knowledge of the decedent’s condition, preventing it from denying coverage. However, the record is clear that Life & Health did not become aware of the decedent’s misstatements until the policy was issued and the decedent made a claim. Upon such notice, it attempted to rescind and void the policy. It sought to deny coverage, under the otherwise valid policy, only after its motion for summary judgment on the rescission issue was reversed. At no time prior to this action did Life & Health know that the decedent had misstated items on his application. Thus, Life & Health did not waive its right to deny a claim under the policy’s limitations on coverage.
Green also asserts that the supreme court, by its opinion in the first appeal, has resolved any issue as to the claim that the decedent had a pre-existing condition. That opinion, however, simply held that “[the decedent’s] truthful answers on [his] insurance application[,] according to the best of [his] ‘knowledge and belief,’ [were] not misstatements within the meaning of section 627.409, Florida Statutes (1993), and [did not] provide ... grounds for ... recission of the insurance policy.” Green, 704 So.2d at 1387-88. It found that although the decedent was suffering from chronic obstructive pulmonary disease and chronic renal failure, he had no knowledge of his true medical condition. Id at 1388-90. This, when coupled with the “knowledge and belief’ standard set out in the policy application form, did not provide grounds for rescinding and voiding the policy under section 627.409. The court’s ruling in the earlier appeal turned on the decedent’s knowledge and a strict interpretation of the policy’s language, not on whether the decedent’s medical problems constituted pre-existing conditions. Id at 1392-33. Thus, it remained for the trial court, upon motion, to look to the policy and the facts to determine whether the decedent’s disease constituted a preexisting condition. See Great Global Assurance Co. v. Shoemaker, 599 So.2d 1036, 1039 (Fla. 4th DCA 1992)(requiring clear and ambiguous exclusion to be enforced as written). See also United of Omaha Life Ins. Co. v. Peloquin, 660 So.2d 1069 (Fla. 4th DCA 1995); Life Gen. Sec. Ins. Co. v. Cook, 648 So.2d 237 (Fla. 4th DCA 1994).
Under the policy terms, a pre-existing condition is “a condition for which medical advice or treatment was advised by or received from a Physician within [the] 5 year period ... prior to [the] ... Effective Date of Coverage.” Clearly, the decedent’s kidney failure was a pre-existing condition.
We also reject Green’s contention that the policy’s “prior hospitalization rider” defeats Life & Health’s attempt to deny coverage. The policy contains a “care at home benefit,” which provides that “care must [ ] start within 14 days of discharge from a Hospital confinement of at least 3 consecutive days.... ”
A “prior hospitalization rider” to the policy states the following:
[T]he Company shall waive the prior hospitalization requirement found in the Policy to which this rider is attached.
In all other respects the Policy to which this Rider is attached remains as is; and the conditions or provisions of the Policy are not waived, altered or otherwise extended.
The rider clearly states that it waives “the prior hospitalization requirement found in the Policy to which [the] rider is attached” and “remains as is” in all other respects, (emphasis added) The only prior hospital requirement in the policy relates *953 to the care at home benefit. Therefore, on the plain language of the rider and the policy, there is no basis to deem the rider to be a waiver of Life & Health’s coverage exclusion based on pre-existing conditions.
Green additionally asserts that the insurance contract, when viewed in conjunction with the application and prior hospitalization rider, is ambiguous. However, the decedent’s policy clearly states that pre-existing conditions are conditions “for which medical advice or treatment was advised by or received from a Physician within [the] 5 year period ... prior to [the] ... Effective Date of Coverage.” The decedent’s failure to list kidney failure on his application does not make this definition ambiguous.
We also reject Green’s assertion that the decedent’s loss was covered under the policy because it occurred within six months of the policy’s inception. The policy states that losses due to pre-existing conditions occurring after six months are covered only when they are listed in the application.
As to all other issues raised, we also find no reversible error. Affirmed.
GUNTHER and FARMER, JJ., concur.

.We note that the policy in question is a health insurance policy with a home care benefit, not a long-term care policy. Therefore, section 627.9407(4), Florida Statutes, is not applicable or considered here.

. See Green v. Life & Health of Am., 692 So.2d 220 (Fla. 4th DCA 1997).

. See Green v. Life & Health of Am., 704 So.2d 1386 (Fla.1998).